# Exhibit 5

Appx015

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **WOLVERINE BARCODE IP LLC,** <br> **Plaintiff,** | **Civil Action No. 3:25-cv-01448** |
| **v.** | |
| **ALBERTSONS COMPANIES, INC.,** <br> **Defendant** | **JURY TRIAL DEMANDED** |

**PLAINTIFF AML IP, LLC'S INITIAL DISCLOSURES**

Through undersigned counsel, comes Wolverine Barcode IP, LLC ("Plaintiff" or "Wolverine"), and respectfully submits the following initial and additional disclosures, pursuant to Rule 26(a)(l) of the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, and the Civil Case Management Plan and Scheduling Order to Defendant, Albertsons Companies, Inc., ("Albertsons"). Plaintiff reserves the right to amend or supplement these disclosures as the case proceeds.

**Preliminary Statement**

Plaintiff reserves the right to amend and supplement these Initial and Additional Disclosures ("initial disclosures") in accordance with the Federal Rules of Civil Procedure. Plaintiff does not concede the relevance of any information and/or documentation identified in the initial disclosures. These disclosures are submitted without waiver of any applicable privilege or protection from disclosure including, but not limited to, the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

**I.      The Correct Names of the Parties**

**Plaintiff:** WOLVERINE BARCODE IP, LLC, c/o Ramey LLP, 5020 Montrose Blvd., Suite 800, Houston, Texas 77006 – 7134263923.

**Defendant:**  Albertsons Companies, Inc., ("Albertsons").

**Potential Parties:**

Plaintiff reserves the right to file additional lawsuits against additional parties or the same parties alleging infringement of the claims of U.S. Patent No. 9,280,689 ("the '689 patent") (collectively referred to as the "Patents-in-Suit") or based upon infringement claims of other patents.  Plaintiff will inform the Court as additional lawsuits are filed.

## II.    Legal Theories and Factual Basis of Case

This is a suit alleging patent infringement of the claims of U.S. Patent No. 9,280,689 ("the '689 patent") (collectively referred to as the "Patents-in-Suit") by Defendants.  The technology generally relates to systems and methods for electronic commerce using tokens.

Plaintiff will serve its Plaintiff's Preliminary Infringement Contentions against Defendant, Albertsons on or about December 19, 2025, where its infringement allegations are fully disclosed.

Specifically, Plaintiff seeks the following categories of damages from Defendant:

1. At least a reasonable royalty to compensate it for Defendants' use of products, methods and systems that infringe the asserted claims of the Patent-in-Suit.

2. attorneys' fees and costs for willful infringement,

namely for:

i.    Entry of judgment that Defendant has infringed the asserted claims of the Patent-in-Suit;

ii.    Entry of an order permanently enjoining Defendant and its officers, agents, employees, Attorneys, and all persons in active conceit or participation with any of them, from infringing the asserted claims of the Patent-in-Suit;

iii.    Award Plaintiff damages in an amount sufficient to compensate it for Defendant's past and future infringement of the asserted claims of the Patent-in-Suit, together with prejudgment and

Appx017

post-judgment interest and costs under 35 U.S.C. § 284;

iv.      an increase of these damages by three times for willful infringement or as allowed under the law; and,

v.       a finding that the case is exceptional an award of attorney's fees under 35 U.S.C. §285 to Plaintiff;

vi.      litigation costs for such infringement; and,

vii.     all other relief allowed under the law.

Plaintiff seeks an award of lost profits but in no case less than a reasonable royalty, at a rate to be determined, for Defendant's infringing activity based upon either Plaintiff's lost profits, the revenue received by Defendant or based upon the market value of Defendant.  Currently, Defendant make money by selling products and systems that are alleged to infringe the claims of the Patent-in-Suit.

### III.     Individuals Likely To Have Discoverable Information

Plaintiff identifies the following individuals likely to have discoverable information that Plaintiff may use to support its claims or defenses.

1. Employees, contractors, and owners of WOLVERINE BARCODE IP, LLC ("WOLVERINE") - c/o Ramey LLP, 5020 Montrose Blvd., Suite 800, Houston, Texas 77006 – knowledge of development of technology, operations of WOLVERINE BARCODE IP, LLC, and operations of accused infringing devices and systems, including at least

    a.  the LLC manager Carlos Gorrichategui,

    who can be can be contacted through Ramey LLP.

2. The inventor of the Patents-in-Suit – Marvin T. Ling - contact through Ramey LLP

-3-

– knowledge of the development of the technology and the prosecution of the patents.

3. The attorneys who prosecuted the Patents-in-Suit — Cahill Glazer PLC — knowledge of prosecution of Patents-in-Suit.

4. Employees, contractors, and owners of Defendant – knowledge of accused infringing devices, methods and systems; knowledge of revenues received from the use of plaintiff's patented technology; knowledge regarding the development of the accused infringing devices, methods and systems.

5. Any additional witnesses mentioned in WOLVERINE's or Albertsons' pleadings but omitted here.

## IV.    INSURANCE AGREEMENTS

None known to Plaintiff at this time.

## V.    SETTLEMENT AGREEMENTS

Without admitting the relevance of any potential settlement, Plaintiff will produce any settlement agreement concerning allegations of infringement of the claims of U.S. Patent No. 9,280,689 ("the '689 patent") entered into before the date of this disclosure, if any exist, at the time for expert reports.  Plaintiff is investigating compliance with its duties of confidentiality under any settlement agreement.

## VI.    PARTY STATEMENTS

None known to Plaintiff at this time; aside from Defendants' product-related statements (e.g., advertisements, instructions) referenced and made accessible in Plaintiff's infringement contentions.

## VII.    SUIT ALLEGING PHYSICAL INJURY

Appx019

-5-

Not applicable.

## VIII.    EXPERT DISCLOURES

Plaintiff will supplement this disclosure on or before the time specified by the Docket Control

Order for Disclosing Experts.

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923

wramey@rameyfirm.com

*Attorney for WOLVERINE BARCODE IP, LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and the Local Rules, I hereby certify that

all counsel of record who have appeared in this case are being served on this day of December

30, 2025.

*/s/ William P. Ramey, III*
William P. Ramey, III

-5-

Appx020