# Exhibit 6

Appx021

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **WOLVERINE BARCODE IP LLC,**<br>    **Plaintiff,** | **Civil Action No. 3:25-cv-01448** |
| **v.** | |
| **ALBERTSONS COMPANIES, INC.,**<br>    **Defendant** | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
TO DEFENDANT ALBERTSONS COMPANIES, INC.**

Plaintiff WOLVERINE BARCODE IP, LLC ("Plaintiff" or "WOLVERINE") requests that, within thirty (30) days of the date of service of these requests, and in accordance with the following instructions and definitions, Defendant Albertsons Companies, Inc., ("Albertsons") respond to these requests and produce and permit Plaintiff to inspect and copy the following documents at Plaintiff Counsel's offices at the address shown under Plaintiff Counsel's signature on this document.

DATED: December 30, 2025

Respectfully submitted,

**Ramey LLP**

By: /s/ William P. Ramey, III
William P. Ramey, III
Ramey LLP
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923
wramey@rameyfirm.com

***Attorneys for Plaintiff WOLVERINE BARCODE
IP, LLC***

1

Appx022

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2025, I served the foregoing document via email on counsel for Defendant.

/s/ William P. Ramey, III
William P. Ramey, III

Appx023

## DEFINITIONS

1.      "Albertsons" or "Defendant" means Albertsons Companies, Inc. and includes its officers, directors, partners, associates, employees, staff members, agents, representatives, consultants, attorneys, divisions, and subsidiaries.

2.      "WOLVERINE" or "Plaintiff" means WOLVERINE BARCODE IP, LLC and includes its officers, directors, partners, associates, employees, staff members, agents, representatives, consultants, divisions, and subsidiaries.

3.   "Accused Product" or "Alleged Infringing Systems" means a product, item, or system identified in or satisfying a description provided in Plaintiff's most recently-filed Infringement Contentions or, if Plaintiff has not yet served Infringement Contentions, identified in or satisfying a description provided in Plaintiff's most recently filed Complaint.

4.   "Accused Service" or "Alleged Infringing Methods" means a service or method identified in or satisfying a description provided in Plaintiff's most recently-filed Infringement Contentions or, if Plaintiff has not yet served Infringement Contentions, identified in or satisfying a description provided in Plaintiff's most recently filed Complaint.

5.   "Convoyed Product" means a product, item, or system having any functional relationship with any Accused Product or Accused Service and for which revenue of the product was increased at any time because of the Accused Products or Accused Services.

6.   "Convoyed Service" means a service having any functional relationship with any Accused Product or Accused Service and for which revenue of the service was increased at any time because of the Accused Products or Accused Services.

7.   "This Forum" means the federal judicial district in which this civil action is currently pending.

3

8. "Document" means and includes each and every medium upon which information is printed or can be printed, recorded or reproduced by mechanical or electronic means, by hand or by any other method, whether by you or by someone else, that is or has been in your possession, custody, or control or of which you have knowledge including, without limitation, electronic documents, invoices, financial statements, contracts, drawings, engineering studies, surveys, test results, test data, recommendations, opinions, analyses, notes, records of contact, diaries, logs, plans, telephone records, cost estimates, correspondence, memoranda, stenographic or handwritten notes, minutes of meetings, reports, plans, studies, evaluations, projections, publications, books, pamphlets, pictures, photographs, models, films, voice recordings, stenographic or tape or wire recordings, maps, surveys, charts, spreadsheets, statistical data, work papers, data processing cards, computer records or printouts, agreements, telegrams, summaries of telephone conversations, summaries or reports of investigations or negotiations, negatives, magnetic tapes, newspaper stories or clippings, witness statements, and drafts of any of the foregoing.  Where copies of any documents are not identical to the original, each and every non-identical copy and the original are included within the meaning of documents.

9. "Communicate" and "communication" are defined as every manner or means of disclosure, transfer, or exchange of information and every disclosure, transfer, or exchange of information, whether made or accomplished orally or by document, whether face to face, by telephone, mail, e-mail, wire, telefax, intermediary, personal delivery or otherwise.

10. "Relate to," "relating to," "related to," "regarding," or "concerning" means directly or indirectly referring to, alluding to, having any relationship to, pertaining to, concerning, connected with, commenting on, regarding, discussing, mentioning, reflecting, analyzing, constituting or embodying in whole or in part the subject.

4

11. "Identify" when used with respect to a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in full, only the name of that person need be listed in response to subsequent interrogatories requesting identification of that person.

12. "Identify" when used with respect to an event or activity means to give the date, participants and nature of the activity or event.

13. "Identify" when used with respect to documents means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), address(es) and recipient(s); and (v) Bates numbers (if any); and to identify the present custodian of the document.  If any document was, but is no longer in Defendant's possession or subject to its control, state what disposition was made of the document.

14. "Identify" when used with respect to things other than documents, persons, events, and activities, means to give, to the extent known, a description of the thing requested including any and all product/process names (both those used internally within Defendant and those used externally in sales, marketing and other commercial activities), and any and all product/process numbers or codes related to such things and an explanation of each such number or code.

15. "Including" means including but not limited to.

16. "U.S." means United States.

17. "Asserted Patent" means U.S. Patent No. 9,280,689 ("the '689 patent") (referred to as the "Patent-in-Suit").

5

**REQUESTS**

1.      All documents and other information relating to Albertsons' marketing and/or sales literature including brochures, flyers, bulletins, advertisements, pamphlets, catalog entries, product announcements, product descriptions, and other documents for the Alleged Infringing Systems and Alleged Infringing Methods.

**RESPONSE:**

2.      All strategic plans, planning documents, business plans, and all other documents and studies related to the Alleged Infringing Systems and Alleged Infringing Methods.

**RESPONSE:**

3.      All market summaries, assessments, reviews, analyses, evaluations, studies, and/or comments including but not limited to:  market projections and market projection models, projected market penetration and market share studies, market surveys, focus group studies, customer satisfaction surveys, and competitive position analyses for the Alleged Infringing Systems and Alleged Infringing Methods.

**RESPONSE:**

4.      All documents and other information relating to Albertsons' identification, review, analysis, evaluation, assessments, studies, summaries, and/or comments regarding Albertsons' competitors for the Alleged Infringing Systems and Alleged Infringing Methods.

**RESPONSE:**

5.      All documents and other information relating to Albertsons' actual and forecasted/planned/budgeted sales of the Alleged Infringing Systems and Alleged Infringing Methods.

**RESPONSE:**

6.      All documents and other information related to any cost that Albertsons realized from sales, distribution, transfer, or delivery of the Alleged Infringing Systems and Alleged Infringing Methods.

**RESPONSE:**

7.      All bill of materials reports that identifies the cost of each component for each of the Alleged Infringing Systems and Alleged Infringing Methods.

**RESPONSE:**

6

8. All documents and other information relating to Albertsons' actual and projected collateral products sales and profits (e.g., other Albertsons's products that are or have been marketed, offered, and/or sold with the Alleged Infringing Systems and Alleged Infringing Methods).

**RESPONSE:**

9. All annual and quarterly reports, income statements, balance sheets, and statements of cash flow on a monthly, quarterly and annual basis (both audited and unaudited), including all documents and information used to prepare the reports and/or financial statements, for Albertsons and specifically the Alleged Infringing Systems and Alleged Infringing Methods.

**RESPONSE:**

10. <u>Albertsons' Historical Performance</u>:  All documents and other information including but not limited to studies and analyses of Albertsons' historical Alleged Infringing Systems and Alleged Infringing Methods market share, unit volume, prices, sales, costs, profits, profits margins, and cash flow both in total and on a product by product basis.

**RESPONSE:**

11. All documents and information related to product profitability analyses for Albertsons' Alleged Infringing Systems and Alleged Infringing Methods, including all documents and information used to prepare the product profitability analyses.

**RESPONSE:**

12. All documents and other information including but not limited to financial statements, internal management reports, project management reports, or other reports or memoranda relating to projected and actual profit and profit margins both in total and on a product-by-product basis for all Alleged Infringing Systems and Alleged Infringing Methods.

**RESPONSE:**

13. All documents and other information relating to request for proposals/bids that identify product requirements and specifications associated with the Alleged Infringing Systems and Alleged Infringing Methods.

**RESPONSE:**

Appx028

14. All documents and other information relating to the research, development, and design costs associated with the Alleged Infringing Systems and Alleged Infringing Methods being marketed and sold by Albertsons.

**RESPONSE:**

15. All documents and other information that demonstrate, reports, summarizes, or otherwise addresses the factors that affect demand for Albertsons' Alleged Infringing Systems and Alleged Infringing Methods.

**RESPONSE:**

16. All documents and other information that identify all available or potentially available technologies (whether acceptable or unacceptable) to the patented technologies in suit.

**RESPONSE:**

17. All documents and other information that relate to the cost of each available or potentially available alternative to the patented technologies in suit.

**RESPONSE:**

18. All documents and other information that relate to the time to develop each available or potentially available alternative to the patented technologies in suit.

**RESPONSE:**

19. All documents and other information related to any evaluation, studies, testing, analysis, or other work that Albertsons has or is undertaking regarding the availability or potential availability and/or acceptability of any potential non-infringing alternatives.

**RESPONSE:**

20. All documents and other information relating to Albertsons' policies and/or marketing programs established to license patented technologies.

**RESPONSE:**

21. All documents and other information relating to negotiations and/or discussions that took place between Albertsons and any non-affiliated business entity or individual concerning the licensing and/or possible licensing of patented technologies similar to the Patents-in-Suit.

Appx029

**RESPONSE:**

22.     All documents and other information that identify alleged comparable license agreements and explains or otherwise demonstrates or supports how they are comparable to the technologies in suit.

**RESPONSE:**

23.     All documents and other information relating, referring, or pertaining to any studies or analyses conducted or commissioned by Albertsons related to the Patent-in-Suit.

**RESPONSE:**

24.     All documents relating to monetary information regarding any Accused Product or Accused Service made in the U.S., used in the U.S., sold or offered for sale in the U.S., or imported into or exported out of the U.S., or any component or functionality thereof, including but not limited to revenues (received, generated, anticipated, planned, potential, or otherwise), profits, gross profit margin, apportionment of profit (e.g., among Accused Product components or functionalities), losses, expenses, costs, component costs, bills of materials, prices, business plans, estimates, forecasts (revenue, sales, market, or otherwise), web traffic reports, and strategies.

**RESPONSE:**

25.     All documents relating to monetary information regarding any Convoyed Product or Convoyed Service made in the U.S., used in the U.S., sold or offered for sale in the U.S., or imported into or exported out of the U.S., including but not limited to revenues (received, generated, anticipated, planned, potential, or otherwise), profits, gross profit margin, apportionment of profit, losses, expenses, costs, component costs, bills of materials, prices, business plans, estimates, forecasts (revenue, sales, market, or otherwise), web traffic reports, and strategies.

**RESPONSE:**

26.     All documents relating to the nature or extent of Plaintiff's damages at issue in this suit; including but not limited documents relating to the nature or extent of Plaintiff's damages resulting from Defendant's direct, contributory, or inducement of infringement of any of the patents-in-suit or relating to the nature or extent of Plaintiff's damages resulting from Defendant's conduct complained of by Plaintiff in this suit.

**RESPONSE:**

9

27.     All documents relating to advertisement, promotion or marketing regarding any Accused Product or Accused Service made in the U.S., used in the U.S., sold or offered for sale in the U.S., or imported into or exported out of the U.S., including but not limited to such documents relating to presentations made to any investors or potential investors, private placement memoranda, brochures, pamphlets, marketing materials, marketing plans, branding plans, sales plans, marketing budgets, sales budges, white papers, product announcements, product descriptions, consumer surveys, videos, product announcements, meeting minutes or notes, strategic plans, periodic budgets, projections, long-term financial plans, and management reports.

**RESPONSE:**

28.     All research reports relating to any Accused Product or Accused Service made in the U.S., used in the U.S., sold or offered for sale in the U.S., or imported into or exported out of the U.S., including but not limited to reports by entities other than Defendant.

**RESPONSE:**

29.     All documents relating to revenue (received, generated, anticipated, planned, potential, or otherwise) relating to any Accused Product or Accused Service made in the U.S., used in the U.S., sold or offered for sale in the U.S., or imported into or exported out of the U.S., including but not limited to any revenues, projected revenues, or potential revenues relating to any Accused Product or Accused Service, including but not limited to licenses, agreements, royalty streams, royalty reports, commissions from sales, revenues from item listing fees, revenues from advertisers, sales reports, sales quotations, invoices, purchase orders, financial projections, budgets, and estimates.

**RESPONSE:**

30.     All documents relating to revenue (received, generated, anticipated, planned, potential, or otherwise) relating to any Convoyed Product or Convoyed Service made in the U.S., used in the U.S., sold or offered for sale in the U.S., or imported into or exported out of the U.S., including but not limited to licenses, agreements, royalty streams, royalty reports, commissions from sales, revenues from item listing fees, revenues from advertisers, sales reports, sales quotations, invoices, purchase orders, financial projections, budgets, and estimates.

**RESPONSE:**

31.     Documents sufficient to identify, on a monthly, quarterly, or annual basis, all revenues, costs incurred, and profits received by Defendant for each Accused Product, Accused Service, Convoyed Product, and Convoyed Service made in the U.S., used in the U.S., sold

10

Appx031

or offered for sale in the U.S., or  imported into or exported out of the U.S., by Defendant
.

**RESPONSE:**

32.     All documents relating to a market of or for any Accused Product or Accused Service for any geographic area or areas that include all or a part of the U.S., including but not limited to market studies, reports, analyses, or other documents relating any aspect of a market of or for any Accused Product or Accused Service for a geographic area or areas that include all or a part of the U.S.; and documents relating to the availability of or demand for any Accused Product or Accused Service or any feature or function of any Accused Product or Accused Service.

**RESPONSE:**

33.     All documents demonstrating, reporting, summarizing, addressing, or otherwise relating to factors that affect demand for any Accused Product or Accused Service.

**RESPONSE:**

34.     All documents relating to sales in the U.S., offers to sell in the U.S., or importations into or exportations out of into the U.S. of any Accused Product or Accused Service, including but not limited to, product quotes, purchase orders, acknowledgements, orders, contracts, sales journals, and customer instructions.

**RESPONSE:**

35.     All documents prepared for Defendant's customers and relating to any Accused Product or component or functionality thereof or Accused Service including but not limited to customer instructions.

**RESPONSE:**

36.     All documents relating to value of any Accused Product or component or functionality thereof or any Accused Service.

**RESPONSE:**

37.     All documents relating to commercial success of any Accused Product or component or functionality thereof or any Accused Service.

Appx032

**RESPONSE:**

38.  All documents relating to value of any of the patents-in-suit, potential damages for infringement of any of the patents-in-suit, or potential royalties for a license to any of the patents-in-suit.

**RESPONSE:**

39.  All documents relating to unit and dollar volume of products and services sold in the U.S. and in connection with any Accused Product, Accused Service, Convoyed Product, or Convoyed Service.

**RESPONSE:**

40.  All documents relating to any basis for a price charged by Defendant for the products or services offered by Defendant in conjunction with its development, manufacture in the U.S., use in the U.S., importation into the U.S., exportation from the U.S., or sale or offer for sale in the U.S. of any Accused Product or Accused Service, including but not limited to advertising rates, commissions, and fees.

**RESPONSE:**

41.  All schedules, workpapers, reports or other documents used to establish or otherwise relating to a selling price of any Accused Product or Accused Service made in the U.S., used in the U.S., sold or offered for sale in the U.S., or imported into or exported out of the U.S., including but not limited to price lists, pricing policies and bid documents.

**RESPONSE:**

42.  Defendant's annual and quarterly reports from March 8, 2016.

**RESPONSE:**

43.  All documents relating to development, manufacture in the U.S., use in the U.S., importation into the U.S., sale or offer for sale in the U.S., or exportation from the U.S. of any Accused Product or of any component of functionality thereof or of any Accused Service, including but not limited to agreements between Defendant and any third party that are or have been involved in making, selling, offering to sell in the U.S., or importing into or exporting out of the U.S. any Accused Product or component thereof or any Accused Service, advertisements, promotional materials (including but not limited to slides,

12

transparencies, product samples, technical and product information), data sheets, brochures, reports, catalogues, call reports by inside or field sales people, internal or external communications, letters, memoranda, notes, electronic mail transmissions, and submissions to any local, state, federal or foreign Governmental entity.

**RESPONSE:**

44.     All agreements between Defendant and any other entity relating to any Accused Product or Accused Service made in the U.S., used in the U.S., sold or offered for sale in the U.S., or imported into or exported out of the U.S., including but not limited to indemnity agreements.

**RESPONSE:**

45.     Documents sufficient to identify all entities, including but not limited to any third parties, that are or have been involved in making in the U.S., selling or offering to sell in the U.S., or importing into or exporting out of the U.S. any Accused Product or component thereof or any Accused Service.

**RESPONSE:**

46.     Documents sufficient to identify the role(s) and function(s) of all entities, including but not limited to any third parties, that are or have been involved in making in the U.S., selling or offering to sell in the U.S., or importing into or exporting out of the U.S. any Accused Product or component thereof or any Accused Service.

**RESPONSE:**

47.     Documents sufficient to identify the dates that Defendant began making or using in the U.S. or offering to sell in the U.S. each Accused Product and each Accused Service to customers.

**RESPONSE:**

48.     All documents (including but not limited to licenses or other agreements) relating to any technology Defendant  contends is comparable to any patents claim in any of the patents-in-suit or to any technology used by any Accused Product or Accused Service to make one or more adjustments in a wireless network based in part on information regarding location of one or more mobile devices; including but not limited to documents relating to any product Defendant  contends uses such a comparable technology.

13

**RESPONSE:**

49.    All documents relating to any available or potentially available technology (whether acceptable or unacceptable) Defendant contends provides an alternative to a subject claimed in any patent claim of any of the patents-in-suit, including but not limited to such documents relating to the functionalities of, availability of, comparability of, acceptability of, cost of, or time to develop such technology and documents relating to licensing practices or policies relating to any such technology.

**RESPONSE:**

50.    All documents relating to Defendant's practices or policies relating to licensing of intellectual property of others.

**RESPONSE:**

51.    All documents relating to any established or usual royalty in the industry to which any of the patents-in-suit relate or in the field of art of any of the patents-in-suit.

**RESPONSE:**

52.    All documents that mention or discuss the patents-in-suit, or its inventors, including but not limited to any publications, patent, articles or presentations in which any of the inventors are an author, co-author, inventor or co-inventor.

**RESPONSE:**

53.    For each of the patents-in-suit, documents sufficient to identify Defendant's first awareness of that patent-in-suit.

**RESPONSE:**

54.    For each of the patents-in-suit, the document in Defendant's possession, custody, or control that indicates the earliest date of Defendant's possession, custody, or control of a document relating to that patent-in-suit.

**RESPONSE:**

14

Appx035

55.    All documents relating to any communications between Defendant and Plaintiff that relates to any of the patents-in-suit or any patent application of Plaintiff, including but not limited to any discussion, consideration, or analysis of whether to license, buy, acquire or otherwise obtain rights under any of the patents-in-suit or related patent applications of Plaintiff.

**RESPONSE:**

56.    All documents relating to any communications between Defendant  and any person that was (at time of the communication) neither an attorney nor employed by a law firm and that relates to any of the patents-in-suit or any patent applications of Plaintiff, including but not limited to any discussion, consideration, or analysis of whether to license, buy, acquire or otherwise obtain rights under any of the patents-in-suit or related patent applications of Plaintiff.

**RESPONSE:**

57.    All documents relating to any discussion or communication, whether written or oral, of possible infringement or non-infringement of any of the patents-in-suit, including but not limited to recorded notes, minutes or memoranda of any meeting attended by any officer, director, employee, agent or manager of Defendant referring to any of the patents-in-suit.

**RESPONSE:**

58.    All documents identified in any of Defendant's FED. R. CIV. P. 26(a) disclosures.

**RESPONSE:**

59.    All documents relating to research, development, or testing of any Accused Product or component thereof and Accused Service or component thereof; including but not limited to data sheets, specifications, requirements documents, engineering notebooks, flow charts, and technical notes.

**RESPONSE:**

60.    All non-privileged documents discussing Defendant's potential liability or non-liability regarding any of the patents-in-suit.

**RESPONSE:**

Appx036

61.     All documents relating to an architecture, design, structure, implementation, or component of any Accused Product or Accused Service, including but not limited to technical specifications, user manuals, user guides, bills of material, and lists of parts or components required to build any Accused Product.

**RESPONSE:**

62.     All documents relating to an operation, functionality, performance, feature, or attribute of any Accused Product or component thereof and Accused Service or component thereof; including but not limited to consumer surveys, marketing studies, outside consultant reports, advertising campaigns, promotional materials, and sales training materials.

**RESPONSE:**

63.     All documents relating to software code of any Accused Product or component thereof and Accused Service or component thereof.

**RESPONSE:**

64.     All documents relating to comparison between any Accused Product or component thereof and any claim, element, or part of any of the patents-in-suit.

**RESPONSE:**

65.     Documents sufficient to show Defendant's corporate structure, including but not limited to specifically the people responsible for the research, design, development, manufacturing, and marketing of each Accused Product and Accused Service.

**RESPONSE:**

66.     All documents relating to any of Defendant's policies, programs, procedures, or practices regarding the storage, maintenance, or destruction of technical documents (including but not limited to schematics, circuit diagrams, process flows, data sheets, manuals, technical specifications, and software code) relating to any Accused Product and Accused Service or Convoyed Product.

**RESPONSE:**

Appx037

67.    All documents relating to ownership of or providing of services related to any website related to any Accused Product, Accused Service, Convoyed Product, or Convoyed Service during the period beginning March 8, 2016.

**RESPONSE:**

68.    All documents relating to marketing or promotion—during the period from March 8, 2016 (by Defendant or any other entity) of any Accused Product or Accused Service; including but not limited to:
   - any distribution or sales-representative agreement;
   - any distribution or sales-representative agreement requiring the distributor or sales representative to use its "best efforts" to promote any Accused Product or Accused Service;
   - any document specifying how an entity will promote any Accused Product or Accused Service;
   - documents relating to communication with customers, including but not limited to phone calls from customers; and
   - documents relating to advice provided to customers regarding which model of a product is suitable for their needs.

**RESPONSE:**

69.    Please produce all documents relied upon to respond to the Interrogatories served this same day.

**RESPONSE:**

70.    All documents and other information that relate to the time to develop any potentially available alternative to the patented technologies in suit.

**RESPONSE:**

71.    All documents and other information that demonstrate that the potentially available alternatives would or would not be acceptable to the customers that purchased the Accused Product or Accused Service.

**RESPONSE:**

72.    All documents and other information related to any evaluation, studies, testing, analysis, or other work that Defendant have or are undertaking regarding the availability or potential availability and/or acceptability of any potential non-infringing alternatives.

**RESPONSE:**

17