# Exhibit 7

Appx039

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **WOLVERINE BARCODE IP LLC,**<br>    **Plaintiff,** | **Civil Action No. 3:25-cv-01448** |
| **v.** | |
| **ALBERTSONS COMPANIES, INC.,**<br>    **Defendant** | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT SEPHORA USA, INC.**

Plaintiff WOLVERINE BARCODE IP, LLC ("Plaintiff" or "WOLVERINE") requests

that, within thirty (30) days of the date of service of these interrogatories, Defendant, Albertsons

Companies, Inc., ("Albertsons") answer in writing and under oath the following interrogatories.

DATED: December 30, 2025          Respectfully submitted,


By: /s/ William P. Ramey, III
    William P. Ramey, III
    Ramey LLP
    Texas State Bar No. 24027643
    5020 Montrose Blvd., Suite 800
    Houston, Texas 77006
    (713) 426-3923
    wramey@rameyfirm.com

    ***Attorneys for Plaintiff WOLVERINE BARCODE
    IP, LLC***

1

Appx040

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2025, I served the foregoing document via email on counsel for Defendant.

/s/ William P. Ramey, III
William P. Ramey, III

Appx041

## DEFINITIONS

1. "Albertsons" or "Defendant" means Albertsons Companies, Inc. and includes its officers, directors, partners, associates, employees, staff members, agents, representatives, consultants, attorneys, divisions, and subsidiaries.

2. "WOLVERINE" or "Plaintiff" means WOLVERINE BARCODE IP, LLC and includes its officers, directors, partners, associates, employees, staff members, agents, representatives, consultants, divisions, and subsidiaries.

3. "Accused Product" or "Alleged Infringing Systems" means a product, item, or system identified in or satisfying a description provided in Plaintiff's most recently-filed Infringement Contentions or, if Plaintiff has not yet served Infringement Contentions, identified in or satisfying a description provided in Plaintiff's most recently filed Complaint.

4. "Accused Service" or "Alleged Infringing Methods" means a service or method identified in or satisfying a description provided in Plaintiff's most recently-filed Infringement Contentions or, if Plaintiff has not yet served Infringement Contentions, identified in or satisfying a description provided in Plaintiff's most recently filed Complaint.

5. "Convoyed Product" means a product, item, or system having any functional relationship with any Accused Product or Accused Service and for which revenue of the product was increased at any time because of the Accused Products or Accused Services.

6. "Convoyed Service" means a service having any functional relationship with any Accused Product or Accused Service and for which revenue of the service was increased at any time because of the Accused Products or Accused Services.

7. "This Forum" means the federal judicial district in which this civil action is currently pending.

3

8. "Document" means and includes each and every medium upon which information is printed or can be printed, recorded or reproduced by mechanical or electronic means, by hand or by any other method, whether by you or by someone else, that is or has been in your possession, custody, or control or of which you have knowledge including, without limitation, electronic documents, invoices, financial statements, contracts, drawings, engineering studies, surveys, test results, test data, recommendations, opinions, analyses, notes, records of contact, diaries, logs, plans, telephone records, cost estimates, correspondence, memoranda, stenographic or handwritten notes, minutes of meetings, reports, plans, studies, evaluations, projections, publications, books, pamphlets, pictures, photographs, models, films, voice recordings, stenographic or tape or wire recordings, maps, surveys, charts, spreadsheets, statistical data, work papers, data processing cards, computer records or printouts, agreements, telegrams, summaries of telephone conversations, summaries or reports of investigations or negotiations, negatives, magnetic tapes, newspaper stories or clippings, witness statements, and drafts of any of the foregoing. Where copies of any documents are not identical to the original, each and every non-identical copy and the original are included within the meaning of documents.

9. "Communicate" and "communication" are defined as every manner or means of disclosure, transfer, or exchange of information and every disclosure, transfer, or exchange of information, whether made or accomplished orally or by document, whether face to face, by telephone, mail, e-mail, wire, telefax, intermediary, personal delivery or otherwise.

10. "Relate to," "relating to," "related to," "regarding," or "concerning" means directly or indirectly referring to, alluding to, having any relationship to, pertaining to, concerning, connected with, commenting on, regarding, discussing, mentioning, reflecting, analyzing, constituting or embodying in whole or in part the subject.

Appx043

11. "Identify" when used with respect to a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in full, only the name of that person need be listed in response to subsequent interrogatories requesting identification of that person.

12. "Identify" when used with respect to an event or activity means to give the date, participants and nature of the activity or event.

13. "Identify" when used with respect to documents means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), address(es) and recipient(s); and (v) Bates numbers (if any); and to identify the present custodian of the document. If any document was, but is no longer in Defendant's possession or subject to its control, state what disposition was made of the document.

14. "Identify" when used with respect to things other than documents, persons, events, and activities, means to give, to the extent known, a description of the thing requested including any and all product/process names (both those used internally within Defendant and those used externally in sales, marketing and other commercial activities), and any and all product/process numbers or codes related to such things and an explanation of each such number or code.

15. "Including" means including but not limited to.

16. "U.S." means United States.

17. "Asserted Patent" means U.S. Patent No. 9,280,689 ("the '689 patent") (referred to as the "Patent-in-Suit").

18. "Asserted Claims" means each claim of the Asserted Patents identified in Plaintiff's most recently served infringement contentions.

## INTERROGATORIES

1.   For each of Defendants' Accused Products; using a claim chart, state the bases for any assertions of non-infringement of each of the Patents-in-suit on a claim-by-claim, element-by-element basis, including but not limited to:

- a statement of Defendant's interpretation of each claim element (including whether the element should be interpreted under section 112, paragraph 6 and, if so, identifying the structure in the specification of the patents that corresponds to the recited element); and

- a statement whether Defendants' products or activities provide(s) such an element or an equivalent and, if not, an explanation how Defendants' products or activities are different than the claim element and a why a component, feature or function of Defendant's products and activities is not a substantial equivalent of the pertinent claim element.

   **ANSWER:**


2.   For each claim element of the Asserted Claims that an Accused Product does not have or perform, state how the Accused Product is different or performs differently than the claim element and provide a particularized statement why a component, feature or function of Defendant's products and activities is not a substantial equivalent of the pertinent claim element.

   **ANSWER:**

3.   For Defendant's assertions, if any, that Defendant has not infringed any claim of the Patents-in-suit; state the reasons why Defendant has not infringed, state the facts that support, refute, or relate to those assertions, and identify the documents that support, refute, or relate to those assertions.

   **ANSWER:**

6

Appx045

4. For each defense (including but not limited to general denial, specific denial, and affirmative defense) asserted in Defendant's Motion to Dismiss (Doc. No. 24); state facts that support, refute, or relate to those assertions and identify the documents that support, refute, or relate to those assertions.

**ANSWER:**

5. For Defendants' assertions, if any, that Defendant did not willfully, deliberately, or in bad faith infringe any claim of the Patents-in-suit; for each patent-in-suit, state the first date that at least one employee, agent, or representative of Defendant acting within the scope of that employment, agency, or representation became aware of that patents-in-suit, describe the circumstances of how that person or persons first became aware of that patents-in-suit (including identifying that person or persons), state the facts that support, refute, or relate to those assertions, and identify the documents that support, refute, or relate to those assertions.

**ANSWER:**

6. For each Accused Product, state, on a product-by-product basis, the revenues received, costs incurred, and profits received, relating to sale or use in the U.S. or export from the U.S. of such product from March 8, 2016. The information should be provided at the unique product number level and may be provided on either a monthly or a quarterly basis as is likely reflected in reporting packages distributed to Defendants' management on a periodic basis in, for example, profit and loss statements or income statements, balance sheets, statements of cash flows, revenue forecasts, profit forecasts, demand forecasts, market share reports or forecasts, or similar reports. To the extent such information is not available, Defendant shall provide revenue, cost, and profit information at the most detailed level reasonably available to Defendant.

**ANSWER:**

7

8