# Exhibit 8

Appx048



Warren LLP
2261 Market Street, No. 606
San Francisco, California 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964
warrenllp.com

January 28, 2026

**By Electronic Mail**

William Ramey
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
wramey@rameyfirm.com

Kirby Drake
Kirby Drake Law PLLC
2550 Pacific Avenue, Suite 700
Dallas, Texas 75226
kirby@kirbydrakelaw.com

**Re:    Wolverine Barcode IP LLC v. Albertsons Companies, Inc., No. 25-1448 (N.D. Texas)**

Dear Mr. Ramey:

I write in response to your office's emails of December 17 and December 30, 2025.  On December 17, Natalia Moore emailed documents including one entitled "Plaintiff's Preliminary Infringement Contentions."  On December 30, 2025, Ms. Moore emailed additional documents including one entitled "Plaintiff's First Set of Requests for Production to Defendant Albertsons Companies, Inc.," and one entitled "Plaintiff's First Set of Interrogatories to Defendant Sephora USA, Inc."  These documents include a "Certificate of Service," executed by you, claiming to have completed service by electronic mail.

Each "Certificate of Service" attached to these documents is incorrect.  The Federal Rules of Civil Procedure allow service by, among other things, "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing." Fed. R. Civ. P. 5(b)(2)(E).  In this case, Albertsons has not "consented . . . in writing" to any form of service "by other electronic means" or anything else.  As a result, your "Certificate of Service" is incorrect, and your office's emails of December 17 and December 30 have no effect.

In addition, discovery has not commenced.  Parties in Federal litigation "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1).  In this action, the parties have not had their Rule 26(f) conference—appropriately so, given the serious flaws in your claims raised by our pending motion to dismiss, and the resulting lack of clarity about what if any allegations will survive the pleading stage, all of which renders discovery inappropriate.  Presumably recognizing this reality, the Court has not set a schedule for the parties to hold the 26(f) conference.  Should this case proceed past the pleadings and should a Rule 26(f) conference occur, the parties may exchange discovery requests and responses following that conference.

Thank you for your time and courtesy in this matter.

Very Truly Yours,

Matthew S. Warren

cc:    Sarah Spires (sspires@skiermontderby.com)

Appx049