**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| WOLVERINE BARCODE IP LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-cv-01448-B |
| | § | |
| ALBERTSONS COMPANIES, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS**

**Use of Generative Artificial Intelligence**

Parts of this filing were prepared with the assistance of generative artificial intelligence. Undersigned counsel has independently reviewed and verified the authorities and record citations contained herein and takes full responsibility for the contents of this filing. See N.D. Tex. L.R. 7.2(f).

Albertsons Companies, Inc. asks the Clerk to tax $200.00 against Wolverine Barcode IP LLC. It does not say what the $200.00 was spent on. It attaches no invoice, no receipt, and no itemization of any kind. The single populated line on its Bill of Costs reads "Fees of the Clerk," a category that, for a defendant that never paid a filing fee, is not self-explaining. On that record the Clerk cannot tax anything, and Wolverine objects.

There is a second problem. The $200.00 figure matches, to the dollar, two applications for admission pro hac vice at this Court's $100.00 rate. If that is what Albertsons is claiming, the claim fails as a matter of law: pro hac vice admission fees are not "fees of the clerk" under 28 U.S.C. § 1920(1), and every district court in Texas to consider the question has said so. Wolverine therefore asks the Court to sustain these objections and direct that no costs be taxed. In the alternative, Wolverine asks that taxation be deferred until the Federal Circuit rules on the pending appeal.

## I.  BACKGROUND

The Court entered judgment on July 9, 2026. [D.E. 32] Albertsons filed its Bill of Costs on July 23, 2026. [D.E. 36] Wolverine appealed to the United States Court of Appeals for the Federal Circuit on July 27, 2026. [D.E. 37]

The Bill of Costs is a two-page AO 133 form and nothing else. Line one, "Fees of the Clerk," is filled in at $200.00. The witness-fee line reads $0.00. Every remaining category is blank. Page two, the witness-fee computation table, is empty. No attachment accompanies the form, notwithstanding the instruction printed on its face: "Attach to your bill an itemization and documentation for requested costs in all categories."

1

Wolverine does not contest the timeliness of the filing. See N.D. Tex. L.R. 54.1. These objections are lodged before the Clerk has taxed costs, and under this Court's published taxation procedure the Clerk will not tax costs while objections are pending review by the Court.

## II. THE GOVERNING STANDARD IS NARROW AND THE BURDEN IS ALBERTSONS'.

Rule 54(d)(1) says that costs "should be allowed to the prevailing party," but it does not say what a cost is. Section 1920 does that, and it does so exhaustively. A district court may decline to award the costs listed in the statute but may not award costs omitted from the list. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–445 (1987). The Supreme Court has since described the categories as "modest in scope" and directed that they be construed narrowly. *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012).

The party seeking costs carries the burden of showing that each item it claims is both statutorily authorized and necessarily incurred. *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285–86 (5th Cir. 1991).

## III. OBJECTIONS

### A. The Bill of Costs identifies no cost, documents no cost, and therefore proves nothing.

An unlabeled dollar figure is not a cost. Albertsons was the defendant. It paid no filing fee under 28 U.S.C. § 1914(a). It removed nothing. Nothing on the face of its submission tells the Clerk, the Court, or Wolverine what clerk fee Albertsons paid, when it paid it, or what service it received in exchange. Whether $200.00 falls inside § 1920(1) or outside it cannot be determined from a blank.

The AO 133 form warned Albertsons of exactly this. Its Special Note directs the filing party to attach an itemization and supporting documentation for every category claimed.

2

Albertsons attached neither. The § 1924 declaration it did sign certifies that the costs "are correct" and were "necessarily incurred," but a verification of an unidentified expense verifies nothing that can be reviewed. Section 1924 supplements the itemization requirement; it does not displace it.

Where a prevailing party leaves the record silent about what it spent and why, the deficiency is charged to that party, not to its opponent. Albertsons has had every opportunity to explain a two-hundred-dollar line item and has not done so. The objection should be sustained on that basis alone, and the Clerk should be directed to tax nothing.

**B.  If the $200.00 represents pro hac vice admission fees, those fees are not taxable under § 1920(1).**

The arithmetic is hard to ignore. This Court's fee for an application for admission pro hac vice has been $100.00 since September 3, 2019. Two such applications come to $200.00, the precise sum Albertsons claims. Albertsons should be required to say whether that is what it is seeking. If it is, the claim fails.

Section 1920(1) authorizes taxation of fees of the clerk and marshal. The phrase takes its content from 28 U.S.C. § 1914, under which the clerk collects the filing fee "and such additional fees only as are prescribed by the Judicial Conference of the United States." § 1914(b). The Judicial Conference's District Court Miscellaneous Fee Schedule prescribes a fee for the original admission of attorneys to practice. It does not prescribe a fee for admission pro hac vice; each district sets that charge itself, as this Court has done. A pro hac vice fee is therefore not a fee the clerk collects under the Judicial Conference schedule, and it is not a "fee of the clerk" within the meaning of § 1920(1).

3

Two courts of appeals have adopted precisely that reasoning. The Ninth Circuit held that because § 1914(b) allows a clerk to collect only those fees prescribed by the Judicial Conference, and the Judicial Conference has not specifically provided for pro hac vice fees, the court concluded that § 1920(1) does not allow for an award of pro hac vice fees as taxable costs. *Kalitta Air L.L.C. v. Central Texas Airborne Sys., Inc.*, 741 F.3d 955, 958 (9th Cir. 2013). The Seventh Circuit reached the same conclusion, reversing a $181.00 pro hac vice award, in *Canter v. AT&T Umbrella Benefit Plan No. 3*, 33 F.4th 949, 959 (7th Cir. 2022).

More to the point, this Court disallowed pro hac vice expenses in *Lofton v. McNeil Consumer & Specialty Pharmaceuticals*, No. 3:05-CV-1531-L, 2011 WL 206165, at *1 (N.D. Tex. Jan. 4, 2011), *report and recommendation adopted*, 2011 WL 208391 (N.D. Tex. Jan. 21, 2011).

The rationale behind that line of cases is straightforward. Admission pro hac vice buys counsel the privilege of appearing in a court where counsel is not licensed. It is an expense of the lawyer, incident to the choice of retaining out-of-district counsel, and it is not an expense of preparing or presenting the case. Albertsons was free to make that choice. Wolverine should not be made to pay for it.

## C.  Alternatively, taxation should await the Federal Circuit's decision.

Albertsons' entire claim to costs rests on a judgment that is now before the Federal Circuit. If that judgment is reversed or vacated, Albertsons will not be the prevailing party, and the predicate for taxation disappears. Rule 54(d)(1) is permissive, the Clerk may tax costs on 14 days' notice," and Rule 58(e) confirms that entry of judgment and taxation of costs are not yoked together. Nothing obliges the Clerk to act on a $200.00 request while the merits are under review.

Deferral imposes no hardship on Albertsons. The amount is nominal, the request will keep, and if the judgment survives appeal the Clerk can tax whatever is properly taxable then. This is Wolverine's alternative request; its primary position is that nothing on this record is taxable at all.

## IV.  CONCLUSION

Wolverine Barcode IP LLC respectfully requests that the Court sustain these objections and direct the Clerk to tax no costs. In the alternative, Wolverine requests that taxation of costs be deferred pending final resolution of the appeal. Wolverine further requests such other relief to which it may be entitled.

Wolverine does not concede, for any purpose beyond these objections, that Albertsons is a prevailing party, and reserves all rights on appeal.

Dated: July 30, 2026

Respectfully submitted,

/s/ William P. Ramey, III
William P. Ramey, III
Texas State Bar No. 24027643
RAMEY LLP
446 Heights Boulevard, Suite 200
Houston, Texas 77007
(713) 426-3923 (telephone)
wramey@rameyfirm.com

***ATTORNEYS FOR PLAINTIFF***
***WOLVERINE BARCODE IP LLC***

5

## CERTIFICATE OF SERVICE

I certify that on July 30, 2026, the foregoing document was filed electronically through the Court's CM/ECF system, which will serve a notice of electronic filing on all counsel of record who have consented to electronic service.

<u>/s/ William P. Ramey, III</u>
William P. Ramey, III