**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| WOLVERINE BARCODE IP LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC.,<br><br>Defendant. | Civil Action No. 3:25-CV-01448-B |

**<u>DEFENDANT ALBERTSONS COMPANIES, INC.'S MOTION FOR ATTORNEYS' FEES</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

A.      Plaintiff Exists Solely to Own and Assert the '689 Patent . . . . . . . . . . . . . . . . . . . . . . . 1

B.      Plaintiff's Campaign of Nuisance Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

C.      Plaintiff's Desultory Prosecution of This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

D.      Plaintiff's Objectively Meritless Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

E.      Plaintiff's Attempts to Multiply Proceedings and to Secure a Settlement . . . . . . . . . . . . 5

F.      Plaintiff's Attempt to Vacate This Court's Ruling . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I.      Albertsons is the Prevailing Party in This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II.     This Case is Exceptional Under 35 U.S.C. § 285 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A.      Plaintiff's Objectively Baseless Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        B.      Plaintiff's Weak § 101 Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        C.      Plaintiff's Unreasonable Conduct in This Action . . . . . . . . . . . . . . . . . . . . . . . . .9

        D.      Plaintiff's Pattern of Abusive Shakedown Cases . . . . . . . . . . . . . . . . . . . . . . . . . 10

III.    The Court Should Award Sanctions Under 28 U.S.C. § 1927 . . . . . . . . . . . . . . . . . . . . . 11

IV.     The Court Should Order Sanctions Under Its Inherent Authority . . . . . . . . . . . . . . . . . . 12

V.      The Court Should Order Appropriate Briefing for Specific Fee Amounts . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

Appx129

## TABLE OF AUTHORITIES

*Cases*                                *Page*

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

*Big Baboon, Inc. v. SAP Am., Inc.*,
No. 17-2082, 2019 WL 5088784 (N.D. Cal. Sept. 9, 2019),
*R. &. R. adopted*, 2019 WL 5102644 (N.D. Cal. Oct. 11, 2019),
*aff'd*, 819 F. App'x 928 (Fed. Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Blackbird Tech LLC v. Health In Motion LLC*,
944 F.3d 910 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Energy Heating, LLC v. Heat On-The-Fly, LLC*,
15 F.4th 1378 (Fed. Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10-11

*Energy Mgmt. Corp. v. City of Shreveport*,
467 F.3d 471 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Eon-Net LP v. Flagstar Bancorp*,
653 F.3d 1314 (Fed. Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

*EscapeX IP, LLC v. Google LLC*,
159 F.4th 1360 (Fed. Cir. 2025)
*cert. denied*, 224 L. Ed. 2d 528 (Apr. 27, 2026) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9, 12

*F.D. Rich Co. v. U.S. for Use of Indus. Lumber Co.*,
417 U.S. 116 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Finnavations LLC v. Payoneer, Inc.*,
No. 18-444, 2019 WL 1236358 (D. Del. Mar. 18, 2019) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Flaksa v. Little River Marine Constr. Co.*,
389 F.2d 885 (5th Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13

*Highway Equip. Co. v. FECO, Ltd.*,
469 F.3d 1027 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
876 F.3d 1372 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Lyda v. CBS Corp.*,
838 F.3d 1331 (Fed. Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*MarcTec, LLC v. Johnson & Johnson*,
664 F.3d 907 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Appx130

## TABLE OF AUTHORITIES
*(continued)*

*Cases*                                         *Page*

*Maxwell v. Angel-Etts of Cal., Inc.,*
53 F. App'x 561 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Monsanto Co. v. E.I. Du Pont de Nemours & Co.,*
748 F.3d 1189 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.,*
726 F.3d 1359 (Fed. Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
572 U.S. 545 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*PS Prods. Inc. v. Panther Trading Co. Inc.,*
122 F.4th 893 (Fed. Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13

*Raniere v. Microsoft Corp.,*
887 F.3d 1298 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Roadway Exp., Inc. v. Piper,*
447 U.S. 752 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Rothschild Connected Devs. Innovations, LLC v. Guardian Prot. Servs., Inc.,*
858 F.3d 1383 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*SFA Sys., LLC v. Newegg Inc.,*
793 F.3d 1344 (Fed. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Shipping & Transit, LLC v. 1A Auto, Inc.,*
283 F. Supp. 3d 1290 (S.D. Fla. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Synopsys, Inc. v. Mentor Graphics Corp.,*
839 F.3d 1138 (Fed. Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Traxcell Techs., LLC. v. AT&T Corp.,*
No. 17-718, 2022 WL 949951 (E.D. Tex. Mar. 29, 2022),
*aff'd sub nom. Traxcell Techs., LLC v. AT&T Inc.,*
No. 23-1246, 2023 WL 4503520 (Fed. Cir. July 13, 2023) . . . . . . . . . . . . . . . . . . . . . 8

*VDPP, LLC v. Volkswagen Grp. of Am., Inc.,*
No. 23-2961, 2024 WL 3378456 (S.D. Tex. July 11, 2024) . . . . . . . . . . . . . . . . . . . . 10

*Valjakka v. Netflix, Inc.,*
No. 22-1490, 2026 WL 2021007 (N.D. Cal. July 13, 2026) . . . . . . . . . . . . . . . . . . . . 12

Appx131

## TABLE OF AUTHORITIES
*(continued)*

| *Cases* | *Page* |

*Yankee Enters., Inc. v. Dunkin' Donuts Inc.*,
145 F.3d 360 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

*Statutes*

35 U.S.C. § 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 7, 9

35 U.S.C. § 271(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

35 U.S.C. § 285 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7-11, 13

28 U.S.C. § 1927 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11-13

*Rules*

Fed. R. Civ. P. 4(m) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

Fed. R. Civ. P. 54(d)(2)(B)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Local Rule 83.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Other Authorities*

*Wolverine Barcode IP, LLC v. 7-Eleven, Inc.*,
No. 25-207 (W.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2-3, 11

*Wolverine Barcode IP LLC v. Albertsons Cos., Inc.*,
No. 25-1448 (N.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Wolverine Barcode IP LLC v. Amazon.com Servs. LLC*,
No. 25-330 (W.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Wolverine Barcode IP LLC v. Best Buy Co., Inc.*,
No. 25-331 (W.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Wolverine Barcode IP, LLC v. Chipotle Mexican Grill, Inc.*,
No. 26-16 (E.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3, 11

*Wolverine Barcode IP, LLC v. Costco Wholesale Corp.*,
No. 24-307 (W.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1-3

*Wolverine Barcode IP, LLC v. CVS Pharmacy, Inc.*,
No. 24-308 (W.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Appx132

**TABLE OF AUTHORITIES**

*(continued)*

| *Other Authorities* | *Page* |
|---|---|

*Wolverine Barcode IP LLC v. Dunkin' Brands, Inc.*,
No. 25-334 (W.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Wolverine Barcode IP, LLC v. Jamba Juice, LLC*,
No. 26-21 (E.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3, 11

*Wolverine Barcode IP LLC v. Macy's Inc.*,
No. 25-404 (W.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Wolverine Barcode IP LLC v. McDonald's Corp.*,
No. 25-316 (W.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Wolverine Barcode IP LLC v. Paysafecard.com USA Inc.*,
No. 25-405 (W.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Wolverine Barcode IP LLC v. Popeyes La. Kitchen, Inc.*,
No. 26-23 (E.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3, 11

*Wolverine Barcode IP, LLC v. Sam's West, Inc.*,
No. 26-24 (E.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3, 11

*Wolverine Barcode IP LLC v. Shell Info. Tech. Int'l BV*,
No. 25-4944 (S.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Wolverine Barcode IP, LLC v. Starbucks Co.*,
No. 25-1058 (E.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Wolverine Barcode IP, LLC v. Subway IP LLC*,
No. 26-285 (E.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3, 11

*Wolverine Barcode IP LLC v. The Kroger Co.*,
No. 25-401 (W.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Wolverine Barcode IP, LLC v. Walgreen Co.*,
No. 26-153 (E.D. Tex.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3, 11

Defendant Albertsons Companies, Inc. respectfully requests that the Court award its attorneys' fees and other non-taxable costs against Wolverine Barcode IP LLC, under 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent power.

## INTRODUCTION

This case presents the rare circumstance where plaintiff and its counsel's unreasonable conduct warrants an award of fees. Plaintiff filed this action for the sole purpose of extracting a nuisance-value settlement from Albertsons, as it has against other defendants. Plaintiff's patent was worthless under § 101, and its complaint was objectively baseless under Rule 12(b)(6). Plaintiff's conduct of this litigation confirmed its objective of extracting a nuisance-value settlement: during the case, plaintiff repeatedly sought to settle for $149,000, and repeatedly sought to make Albertsons expend time and money in order to force a settlement. Most troublingly, after the Court granted Albertsons' motion, plaintiff offered Albertsons a corrupt bargain: a walkaway settlement if Albertsons joined plaintiff's motion to vacate this Court's ruling and judgment. Plaintiff thus confirmed its only objective of advancing more shakedown cases. This behavior has no place in this District or the Federal courts. The Court should punish this behavior and deter its repetition by awarding Albertsons its attorneys' fees and costs.

## BACKGROUND

### A.    Plaintiff Exists Solely to Own and Assert the '689 Patent

Plaintiff is a Texas limited liability company and claims a "principal place of business located in Austin, Texas." Compl. ¶ 1. Plaintiff Wolverine Barcode IP LLC was formed on October 26, 2024. Ex. 1. A few weeks after that, on November 11, 2024, plaintiff acquired U.S. Patent No. 9,280,689. Ex. 2. A few weeks after that, plaintiff filed its first action for infringement of the '689 patent. *Wolverine Barcode IP, LLC v. Costco Wholesale Corp.*, No.

Appx134

24-307, Docket No. 1 (W.D. Tex. Nov. 27, 2024).  Plaintiff has never done anything other than own and assert the '689 patent, and admits it has no other purpose.  *See* Compl. ¶¶ 13-19.

**B.      Plaintiff's Campaign of Nuisance Litigation**

Over the past two years, plaintiff has filed nineteen actions for infringement of the '689 patent:  one in this Court, seven in the Eastern District of Texas, one in the Southern District of Texas, and ten in the Western District of Texas.[1]  Plaintiff has done the bare minimum to litigate these cases:  it has responded to motions to dismiss, often with recycled arguments and cases, and has sometimes amended its complaints, but has not sought to move the cases forward in any meaningful manner.  *See generally id.*  It is therefore unsurprising that, of these nineteen cases, this one is the only one to reach a merits resolution or anything close to it.  Plaintiff voluntarily dismissed nine of its cases before receiving an answer.[2]  Plaintiff stipulated to dismiss four cases

---

[1] *Wolverine Barcode IP, LLC v. Costco Wholesale Corp.*, No. 24-307 (W.D. Tex. Nov. 27, 2024); *Wolverine Barcode IP, LLC v. CVS Pharmacy, Inc.*, No. 24-308 (W.D. Tex. Nov. 27, 2024); *Wolverine Barcode IP, LLC v. 7-Eleven, Inc.*, No. 25-207 (W.D. Tex. May 1, 2025); *Wolverine Barcode IP LLC v. Albertsons Cos., Inc.*, No. 25-1448 (N.D. Tex. June 6, 2025); *Wolverine Barcode IP LLC v. McDonald's Corp.*, No. 25-316 (W.D. Tex. July 17, 2025); *Wolverine Barcode IP LLC v. Amazon.com Servs. LLC*, No. 25-330 (W.D. Tex. July 30, 2025); *Wolverine Barcode IP LLC v. Best Buy Co., Inc.*, No. 25-331 (W.D. Tex. July 30, 2025); *Wolverine Barcode IP LLC v. Dunkin' Brands, Inc.*, No. 25-334 (W.D. Tex. July 31, 2025); *Wolverine Barcode IP LLC v. The Kroger Co.*, No. 25-401 (W.D. Tex. Sept. 4, 2025); *Wolverine Barcode IP LLC v. Macy's Inc.*, No. 25-404 (W.D. Tex. Sept. 4, 2025); *Wolverine Barcode IP LLC v. Paysafecard.com USA Inc.*, No. 25-405 (W.D. Tex. Sept. 4, 2025); *Wolverine Barcode IP LLC v. Shell Info. Tech. Int'l BV*, No. 25-4944 (S.D. Tex. Oct. 16, 2025); *Wolverine Barcode IP, LLC v. Starbucks Co.*, No. 25-1058 (E.D. Tex. Oct. 22, 2025); *Wolverine Barcode IP, LLC v. Chipotle Mexican Grill, Inc.*, No. 26-16 (E.D. Tex. Jan. 8, 2026); *Wolverine Barcode IP, LLC v. Jamba Juice, LLC*, No. 26-21 (E.D. Tex. July 23, 2026); *Wolverine Barcode IP LLC v. Popeyes La. Kitchen, Inc.*, No. 26-23 (E.D. Tex. Jan. 9, 2026); *Wolverine Barcode IP, LLC v. Sam's West, Inc.*, No. 26-24 (E.D. Tex. Jan. 9, 2026); *Wolverine Barcode IP, LLC v. Walgreen Co.*, No. 26-153 (E.D. Tex. Feb. 27, 2026); *Wolverine Barcode IP, LLC v. Subway IP LLC*, No. 26-285 (E.D. Tex. Apr. 7, 2026).

[2] *Wolverine Barcode IP, LLC v. CVS Pharmacy, Inc.*, No. 24-308, Docket No. 11 (W.D. Tex. Apr. 15, 2024); *Wolverine Barcode IP LLC v. Amazon.com Servs. LLC*, No. 25-330, Docket No. 7 (W.D. Tex. Aug. 4, 2025); *Wolverine Barcode IP LLC v. Best Buy Co., Inc.*, No. 25-331, Docket No. 7 (W.D. Tex. Aug. 4, 2025); *Wolverine Barcode IP LLC v. Dunkin' Brands, Inc.*, No.

after receiving an answer.[3]  Six cases remain pending.[4]

## C.      Plaintiff's Desultory Prosecution of This Action

On June 6, 2025, plaintiff filed this action.  Docket Nos. 1-7.  That same day, plaintiff's

out-of-District lead counsel moved for a waiver of Local Rule 83.10.  Docket No. 8.  Four days

later, on June 10, 2025, the Court denied this motion.  Docket No. 9.  Plaintiff then complied with

Local Rule 83.10, Docket No. 10, but failed to serve Albertsons within the required 90 days.

Fed. R. Civ. P. 4(m).  Only after the Court reminded plaintiff of its obligation to complete service

and noted that "[f]ailure to do so may result in Plaintiff's claims being dismissed without

prejudice," Docket No. 11, did plaintiff complete service on Albertsons.  Docket No. 13.

## D.      Plaintiff's Objectively Meritless Complaint

Plaintiff's complaint in this action admitted that Albertsons could not infringe any claim.

The '689 patent includes only method claims, *see* Docket No. 1-1, and so the complaint had to

allege that Albertsons practiced every element of claim 1, the sole asserted claim.  *See Akamai*

---

25-334, Docket No. 12 (W.D. Tex. Nov. 21, 2025); *Wolverine Barcode IP LLC v. Paysafecard.com USA Inc.*, No. 25-405, Docket No. 19 (W.D. Tex. Dec. 15, 2025); *Wolverine Barcode IP LLC v. McDonald's Corp.*, No. 25-316, Docket No. 24 (W.D. Tex. Dec. 30, 2025); *Wolverine Barcode IP LLC v. Starbucks Co.*, No. 25-1058, Docket No. 11 (E.D. Tex. Jan. 8, 2026); *Wolverine Barcode IP LLC v. Shell Info. Tech. Int'l BV*, No. 25-4944, Docket No. 14 (S.D. Tex. Feb. 26, 2026); *Wolverine Barcode IP, LLC v. Sam's West, Inc.*, No. 26-24, Docket No. 9 (E.D. Tex. Mar. 16, 2026).

[3] *Wolverine Barcode IP, LLC v. Costco Wholesale Corp.*, No. 24-307, Docket No. 20 (W.D. Tex. Sept. 16, 2025); *Wolverine Barcode IP LLC v. The Kroger Co.*, No. 25-401, Docket No. 29 (W.D. Tex. Mar. 25, 2026); *Wolverine Barcode IP, LLC v. Jamba Juice, LLC*, No. 26-21 (E.D. Tex. July 23, 2026); *Wolverine Barcode IP LLC v. Popeyes La. Kitchen, Inc.*, No. 26-23, Docket No. 38 (E.D. Tex. July 23, 2026).

[4] *Wolverine Barcode IP, LLC v. Chipotle Mexican Grill, Inc.*, No. 26-16, Docket No. 27 (E.D. Tex. July 16, 2026); *Wolverine Barcode IP LLC v. 7-Eleven*, No. 25-108, Docket No. 53 (N.D. Tex. May 18, 2026) (transferred from the Western District of Texas); *Wolverine Barcode IP, LLC v. Walgreen Co.*, No. 26-153, Docket No. 42 (E.D. Tex. July 21, 2026); *Wolverine Barcode IP LLC v. Macy's Inc.*, No. 25-404, Docket No. 34 (W.D. Tex. July 21, 2026); *Wolverine Barcode IP, LLC v. Subway IP LLC*, No. 26-285, Docket No. 15 (E.D. Tex. July 22, 2026).

*Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). Instead, the complaint admitted that this was impossible, because the complaint itself alleged that Albertsons practiced some elements of claim 1, but Albertsons' *customers* practiced other elements. For example, for element (a), "providing a personal code to a person for their use to purchase goods," the complaint alleged that "when a customer opens the Albertsons app and chooses Albertsons Cash, the system generates a one-time 3PL code." Compl. Ex. B at 4-5. But, immediately following, the complaint further alleged that "[t]he customer then scans that code at checkout to pay directly from their Albertsons Cash balance." *Id.* at 5. Similarly, for element (f), which requires "conducting purchases at vendors each having a vendor server wherein each purchase includes scanning product barcodes including product price and said User ID Barcode," the complaint alleged that the user does the purchasing and scanning, but the "checkout system sends both the product barcodes and your User ID barcode back to Albertsons' records." *Id.* at 11-12. The complaint thus admitted that, for various elements of the asserted method, the allegedly infringing party was either Albertsons, the customer, or sometimes both. The complaint thus confirmed that, according to plaintiff's own allegations, not "all steps of a claimed method are performed by or attributable to a single entity," and there could be no "[d]irect infringement under § 271(a)" of the sole asserted method claim. *Akamai*, 797 F.3d at 1022. The complaint did not attempt to claim joint infringement to avoid this issue. *See generally* Compl.; *see also Lyda v. CBS Corp.*, 838 F.3d 1331, 1338-39 (Fed. Cir. 2016).

Albertsons explained this failure in its motion to dismiss. Docket No. 24 at 9-12. In its opposition, plaintiff did not seriously defend the sufficiency of its complaint, arguing only:

> Defendant asserts that Defendant's customers perform some aspects of asserted
> claim 1. However, careful consideration of Plaintiff's Exhibit B demonstrates that
> it is Defendant who controls all aspects of its infringing process, including things

– 4 –

such as scanning a customer's bar code and providing customers with applications configured by Defendant, all for Defendant's benefit.

Docket No. 29 at 10 (footnote omitted).  Plaintiff cited no law to support these claims, and its footnote merely provided the docket number for Exhibit B.  *See id.*  Plaintiff did not explain *how* "careful consideration" would show that Albertsons "controls all aspects" of the process alleged in the complaint, nor could it, as Albertsons cannot control a customer's decision "to pay directly from their Albertsons Cash balance" rather than using a credit card or regular cash, Compl. Ex. B at 5, or a customer's decision "**deposit funds** into your in-app account so that you can earn or redeem **cash back** rewards when you check out."  *Id.* at 11 (emphasis in original).  And plaintiff did not even cite or reference the correct legal standard, which Albertsons provided in its motion. *Compare* Docket No. 24 at 11 n.2 *with* Docket No. 29 at 10.  Plaintiff's own brief thus confirmed that plaintiff had no Rule 11 basis to assert the infringement plaintiff alleged in its complaint.

Adding insult to injury, plaintiff's complaint also alleged indirect infringement, also without a Rule 11 basis to do so.  Compl. ¶ 12.  When Albertsons pointed out this failure in its motion to dismiss, *see* Docket No. 24 at 12-13, plaintiff's opposition did not even try to defend this claim.  *See generally* Docket No. 29; Docket No. 30 at 9.  Again, plaintiff's brief confirmed that plaintiff had no Rule 11 basis for the assertions in its complaint.

E.      **Plaintiff's Attempts to Multiply Proceedings and to Secure a Settlement**

Throughout the litigation of this action, plaintiff advanced only two objectives:  to secure a nuisance-value settlement, and to push Albertsons to agree to a nuisance-value settlement by seeking to multiply the proceedings and drive up Albertsons' litigation costs.  Toward these ends, plaintiff repeatedly offered to settle the case for $149,000, and repeatedly threatened to rescind

this offer. And plaintiff sought to force Albertsons to expend resources to litigate the case, although its litigation failures frustrated its goal.

On October 2, 2025, plaintiff sent Albertsons a letter proposing "an early-stage settlement of $149,000.00, before either party has incurred substantial expenses." Ex. 3. Albertsons filed its motion to dismiss on December 5, 2025 (Docket No. 24); on December 17, 2025, plaintiff sought to force Albertsons to incur expenses by purporting to serve "Plaintiff's Preliminary Infringement Contentions." Ex. 4. On December 30, 2025, plaintiff further sought to force Albertsons to incur expenses by purporting to serve documents entitled "Plaintiff AML IP, LLC's Initial Disclosures" (Ex. 5), "Plaintiff's First Set of Requests for Production to Defendant Albertsons Companies, Inc." (Ex. 6), and "Plaintiff's First Set of Interrogatories to Defendant Sephora USA, Inc." Ex. 7. But plaintiff failed to serve these documents properly on Albertsons, and discovery had not commenced in any event, as Albertsons explained in a letter to plaintiff on January 28, 2026. Ex. 8. In response, plaintiff returned to seeking settlement, sending further correspondence on April 6 (Ex. 9), April 24 (Ex. 10), and June 1. Ex. 11. On June 18, 2026, plaintiff emailed Albertsons a new set of requests for production (Ex. 12) and interrogatories (Ex. 13), along with a letter seeking settlement. (Ex. 14). Plaintiff's email stated that, "[t]o the extent there are other discovery requests that have been made, those are withdrawn. This is our first set of discovery." Ex. 15. Like its previous settlement communications, plaintiff's letter demanded $149,000, but warned that this number would soon increase. Like its previous attempts at discovery, plaintiff's requests were premature and improperly served. *See supra.* Before Albertsons could write plaintiff to this effect, however, the Court issued its ruling.

– 6 –

## F.   Plaintiff's Attempt to Vacate This Court's Ruling

On July 9, this Court granted Albertsons' motion to dismiss.  Docket No. 31.  The Court found that "the '689 Patent claims a patent-ineligible abstract idea," and thus did not reach the question of whether plaintiff had stated objectively baseless infringement claims.  *Id.* at 20.  The following day, plaintiff wrote to Albertsons, seeking a corrupt bargain:

> We currently intend to appeal; however, we thought we'd make the proposal to Albertsons that, if Albertsons will agree to seek vacatur of Judge Boyles' opinion, we will settle the lawsuit with Albertsons and set up for a walk away.  If Judge Boyles won't grant vacatur, we will continue with the appeal.  We will draft the documents and let you review if it sounds good?

Ex. 16.  Plaintiff renewed this offer the following day.  Ex. 17.  Plaintiff thus confirmed what its behavior had already shown:  it cared not a whit for the law or the facts, and only wished to continue its campaign of shakedown litigation for nuisance-value settlements.

## ARGUMENT

## I.   Albertsons is the Prevailing Party in This Action

On July 9, 2026, this Court granted Albertsons' motion to dismiss under 35 U.S.C. § 101.  Docket No. 31.  That dismissal "suffices to make" Albertsons the "prevailing part[y]."  *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1308 (Fed. Cir. 2018); *see, e.g.*, *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006).

## II.   This Case is Exceptional Under 35 U.S.C. § 285

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.  An "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  "District courts may

– 7 –

determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances," for which there is "no precise rule or formula." *Id*. Reasonable attorneys' fees include those expenses incurred "in the preparation for and performance of legal services related to the suit," and nontaxable costs. *Maxwell v. Angel-Etts of Cal., Inc*., 53 F. App'x 561, 569 (Fed. Cir. 2002). The Court "has broad discretion to award attorney's fees" and costs under Federal Rule of Civil Procedure 54(d). *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 482 (5th Cir. 2006).

Sanctions are particularly appropriate against an entity, such as plaintiff here, that has an "ability to impose high costs to defend against its meritless claims" while "plac[ing] little at risk when filing suit." *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011), *cert. denied*, 586 U.S. 988 (May 14, 2012). "As a non-practicing entity," plaintiff is "generally immune to counterclaims for patent infringement, antitrust, or unfair competition because it did not engage in business activities that would potentially give rise to those claims." *Eon-Net*, 653 F.3d at 1327. Thus plaintiff "did not face any business risk resulting from the loss of patent protection over a product or process. Its patents protected only settlement receipts, not its own products." *Id.* at 1327-28.

### A. Plaintiff's Objectively Baseless Complaint

A patentee's "pursuit of objectively baseless infringement theories" supports an award of fees under § 285. *Traxcell Techs., LLC. v. AT&T Corp.*, No. 17-718, 2022 WL 949951, at *4 (E.D. Tex. Mar. 29, 2022), *aff'd sub nom. Traxcell Techs., LLC v. AT&T Inc.*, No. 23-1246, 2023 WL 4503520 (Fed. Cir. July 13, 2023). In this case, it is "obvious that [plaintiff] conducted no serious pre-suit investigation and that this case was frivolous from the start." *EscapeX IP, LLC v. Google LLC*, 159 F.4th 1360, 1366 (Fed. Cir. 2025), *cert. denied*, 224 L. Ed. 2d 528 (Apr. 27,

Appx141

2026).  Although the Court's order granting Albertsons' motion to dismiss relied on patent ineligibility and thus did not reach this issue, *see* Docket No. 31, the infringement claims in plaintiff's complaint were always objectively baseless, independently from patent ineligibility. *Supra* § D.  When Albertsons' motion to dismiss pointed out the baselessness of plaintiff's allegations, plaintiff did not seriously defend any of them, and did not defend some of them at all. *See id*.  Plaintiff thus "pursued baseless infringement allegations in bad faith and for an improper purpose."  *Eon-Net*, 653 F.3d at 1326.  Plaintiff's failure "to conduct an adequate pre-suit investigation is well-supported in the record and, as part of the totality of circumstances found by the court, renders its determination to award attorneys' fees under Section 285 an appropriate exercise of discretion."  *EscapeX*, 159 F.4th at 1366.

### B.   Plaintiff's Weak § 101 Claims

The Court is "within the scope of its discretion in finding [a] case to be exceptional based on the weakness of [a party's] § 101 arguments and the need to deter similarly weak arguments in the future."  *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1377-78 (Fed. Cir. 2017); *see, e.g., Finnavations LLC v. Payoneer, Inc.*, No. 18-444, 2019 WL 1236358 (D. Del. Mar. 18, 2019).  Here, plaintiff's arguments across its briefing were weak, most notably on *Alice* Step One, where the analysis "must focus on the language of the Asserted Claims themselves," *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1149 (Fed. Cir. 2016), but where plaintiff ignored the claims and argued only the specification.  *See* Docket No. 30 at 3-4. This failure, too, supports an award of fees under § 285.

### C.   Plaintiff's Unreasonable Conduct in This Action

"[L]itigation misconduct and unprofessional behavior may suffice, by themselves, to make a case exceptional under § 285."  *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726

F.3d 1359, 1366 (Fed. Cir. 2013) (quoting *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 919 (Fed. Cir. 2012)).  Plaintiff "made multiple settlement demands that were far less than the anticipated cost of defense, i.e., nuisance value settlement offers."  *Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 916 (Fed. Cir. 2019); *see supra* § E.  Plaintiff "acted in bad faith by exploiting the high cost to defend complex litigation to extract a nuisance value settlement from" defendants in its other actions, and tried to do the same against Albertsons.  *Eon-Net*, 653 F.3d at 1327; *see supra* §§ B, E.  Plaintiff multiplied this bad faith with its transparent attempts to force Albertsons to expend more resources, always paired with settlement demands.  *Supra* § E. Last and worst of all, even following this Court's ruling, plaintiff sought to vacate this Court's judgment so that it could resume its pattern of abusive shakedown cases.  *Supra* § F.

### D.      Plaintiff's Pattern of Abusive Shakedown Cases

A patentee's "pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285."  *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015).  Repeat litigation by a patentee is an "indication of exceptionality, especially when, as here, the plaintiff made repeated settlement demands far less than the costs of defense and unrelated to any damages theory."  *VDPP, LLC v. Volkswagen Grp. of Am., Inc.*, No. 23-2961, 2024 WL 3378456, at *3 (S.D. Tex. July 11, 2024) (citing *Rothschild Connected Devs. Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1389 (Fed. Cir. 2017)).  Worse, plaintiff "pursued claims of infringement without any apparent attempt to minimize litigation costs despite [its] knowledge that its patent was invalid," *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 15 F.4th 1378, 1382

Appx143

(Fed. Cir. 2021) (alteration in original) (internal quotation marks omitted), and continued to do so after Albertsons filed its motion to dismiss, and plaintiff had no excuse not to know better.[5]

Last and worst, even after this Court's order and judgment finding the patent claimed ineligible subject matter, plaintiff sought to continue to bring shakedown cases on an invalid patent. *Supra* § F. The Court should consider not just this case, but plaintiff's pattern of abuses across its litigation campaign. *See, e.g.*, *Big Baboon, Inc. v. SAP Am., Inc.*, No. 17-2082, 2019 WL 5088784, at *7 (N.D. Cal. Sept. 9, 2019) (plaintiff "filed serial lawsuits on the same patent"), *R. &. R. adopted*, 2019 WL 5102644 (N.D. Cal. Oct. 11, 2019), *aff'd*, 819 F. App'x 928 (Fed. Cir. 2020); *Shipping & Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290, 1300 (S.D. Fla. 2017) ("the Court looks to Plaintiff's nationwide pattern of pervasive litigation in determining whether this is an 'exceptional' case"). The Court should award Albertsons its attorneys fees to deter plaintiff's abuses not only in this action, but across the campaign.

## III. The Court Should Award Sanctions Under 28 U.S.C. § 1927

In addition to 35 U.S.C. § 285, the Court should award sanctions under 28 U.S.C. § 1927, which gives courts the power to sanction "any attorney . . . who so multiples the proceedings in any case unreasonably and vexatiously" by requiring the attorney "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.*

---

[5] Albertsons filed its motion on December 5, 2025. Docket No. 24. Even after that motion, plaintiff filed six additional cases, *Wolverine Barcode IP, LLC v. Chipotle Mexican Grill, Inc.*, No. 26-16 (E.D. Tex. Jan. 8, 2026); *Wolverine Barcode IP, LLC v. Jamba Juice, LLC*, No. 26-21 (E.D. Tex. Jan. 9, 2026); *Wolverine Barcode IP LLC v. Popeyes La. Kitchen, Inc.*, No. 26-23 (E.D. Tex. Jan. 9, 2026); *Wolverine Barcode IP, LLC v. Sam's West, Inc.*, No. 26-24 (E.D. Tex. Jan. 9, 2026); *Wolverine Barcode IP, LLC v. Walgreen Co.*, No. 26-153 (E.D. Tex. Feb. 27, 2026); *Wolverine Barcode IP, LLC v. Subway IP LLC*, No. 26-285 (E.D. Tex. Apr. 7, 2026), and continued to maintain seven other cases. *See, e.g.*, *Wolverine Barcode IP LLC v. 7-Eleven*, No. 25-108, Docket No. 53 (N.D. Tex. May. 18, 2025); *Wolverine Barcode IP LLC v. Popeyes La. Kitchen, Inc.*, No. 26-23, Docket No. 37 (E.D. Tex. June 22, 2026); *Wolverine Barcode IP, LLC v. Subway IP LLC*, No. 26-285, Docket No. 15 (E.D. Tex. July 22, 2026).

– 11 –

Appx144

This Court has "broad discretion" to consider fees under § 1927. *Yankee Enters., Inc. v. Dunkin' Donuts Inc.*, 145 F.3d 360 (5th Cir. 1998).

On these facts, the Court should sanction lead counsel, William Ramey, and Ramey LLP, which had a financial interest in the outcome of the case. *See* Docket No. 4. Mr. Ramey and Ramey LLP filed an objectively baseless complaint, *supra* § II.A, made weak claims of patent eligibility, *supra* § II.B, repeatedly sought a nuisance-value settlement in both this and other cases, *supra* §§ II.C, II.D, and sought to collude with Albertsons to vacate this Court's judgment in order to continue shaking down other defendants. *Supra* §§ II.C, II.D. Even worse, Mr. Ramey and Ramey LLP have a history of § 1927 sanctions orders. *E.g.*, *EscapeX*, 159 F.4th at 1369; *Valjakka v. Netflix, Inc.*, No. 22-1490, 2026 WL 2021007, at *13 (N.D. Cal. July 13, 2026). But these sanctions evidently have not deterred future wrongful conduct; the Court should therefore enter its own sanctions, in the hope that they might.

## IV.    The Court Should Order Sanctions Under Its Inherent Authority

"We have long recognized that attorneys' fees may be awarded to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. U.S. for Use of Indus. Lumber Co.*, 417 U.S. 116, 129 (1974). Using this inherent authority, "[i]f a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980). "When reviewing the imposition of sanctions under a district court's inherent powers," the Federal Circuit will "apply the law of the regional circuit in which the district court sits." *PS Prods. Inc. v. Panther Trading Co. Inc.*, 122 F.4th 893, 898 (Fed. Cir. 2024) (quoting *Monsanto Co. v. E.I. Du Pont de Nemours & Co.*, 748 F.3d 1189, 1196 (Fed. Cir. 2014)). "The inherent power of a court to manage its affairs

– 12 –

necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it." *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 888 (5th Cir.), *cert. denied*, 392 U.S. 928 (1968). The Court may impose sanctions for "bad faith conduct," which it may infer "[b]ased upon the lack of legal merit of this action and [plaintiff's] history of repeatedly filing meritless lawsuits in this district." *PS Prods.*, 122 F.4th at 898. Such sanctions are appropriate where, as here, plaintiffs "complaint did not state a plausible claim" for "patent infringement." *Id.*; *supra* § II.A. They are also appropriate for the other reasons stated above. *Supra* §§ II.B to II.D.

## V.     The Court Should Order Appropriate Briefing for Specific Fee Amounts

This motion need not "be supported at the time of filing with the evidentiary material bearing on the fees." Fed. R. Civ. P. 54, Advisory Committee's Note (1993). Instead, Albertsons' evidence of costs and fees may "be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case." *Id*. In this motion, Albertsons need only "provide a fair estimate" of the amount sought, which is $350,000. Fed. R. Civ. P. 54(d)(2)(B)(iii). Should the Court grant this motion, it should set a schedule for Albertsons to present this information and the Court to resolve any issues regarding it.

**<u>CONCLUSION</u>**

For the foregoing reasons, Albertsons respectfully requests that the Court should declare this case exceptional and award Albertsons its attorneys' fees under 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent power.

Date:  July 23, 2026                              Respectfully submitted,

                                                  */s/ Sarah E. Spires*
                                                  Sarah E. Spires (Texas Bar No. 24083860)
                                                  SKIERMONT DERBY LLP
                                                  1601 Elm Street, Suite 4400

– 13 –

Dallas, Texas 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
sspires@skiermontderby.com

Matthew S. Warren (California Bar No. 230565)
(admitted *pro hac vice*)
WARREN LLP
2261 Market Street No. 606,
San Francisco, California 94114
Telephone: (415) 895-2940
Fax:  (415) 895-2964
25-1448@cases.warrenllp.com

*Attorneys for Defendant*
*Albertsons Companies, Inc.*

## CERTIFICATE OF CONFERENCE

This Motion is opposed.  Counsel for Albertsons conferred with counsel for Plaintiff via email on July 23 regarding the substance of this motion and counsel for Plaintiff indicated that they oppose this Motion.

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's electronic filing system.

*/s/ Sarah E. Spires*

Appx147