**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| WOLVERINE BARCODE IP LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 3:25-CV-01448-B |
| ALBERTSONS COMPANIES, INC., | |
| Defendant. | |

**REPLY IN SUPPORT OF BILL OF COSTS**
**OF DEFENDANT ALBERTSONS COMPANIES, INC.**

Prevailing defendant Albertsons filed for $200 in taxable costs.  Plaintiff opposed with an AI-generated brief that misstates the law.  The Court should tax Albertsons' costs in full.

**BACKGROUND**

On June 6, 2025, plaintiff Wolverine Barcode IP LLC filed this action.  Docket No. 1.  On October 28 and 29, 2025, defendant Albertsons Companies, Inc. filed applications for admission *pro hac vice*, paying $200 in fees posted, with receipt numbers, on this action's docket.  Docket No. 18 ("Filing fee $100; Receipt number ATXNDC-15944434"); Docket No. 20 ("Filing fee $100; Receipt number ATXNDC-15947456").  On July 9, 2026, the Court entered judgment for Albertsons.  Docket Nos. 31, 32.  On July 23, Albertsons filed its bill of costs, claiming $200 for its admission fees.  Docket No. 36.  On July 30, plaintiff filed objections.  Docket No. 38.

**ARGUMENT**

**I.      *Pro Hac Vice* Admission Fees are Taxable Costs of the Clerk**

"A prevailing party in a civil action is entitled to recover its costs 'unless the court otherwise directs.'"  *Lofton v. McNeil Consumer & Specialty Pharms.*, No. 05-1531, 2011 WL

– 1 –

206165, at *1 (N.D. Tex. Jan. 4, 2011) (quoting Fed. R. Civ. P. 54(d)), *R. &. R. adopted*, 2011 WL 208391 (N.D. Tex. Jan. 21, 2011)).  "Taxable costs include: (1) fees paid to the clerk and marshal."  *Lofton*, 2011 WL 206165, at *1 (citing 28 U.S.C. § 1920).

Plaintiff's main argument in opposition is that "pro hac vice admission fees are not 'fees of the clerk' under 28 U.S.C. § 1920(1)."  Opp. at 1; *see id.* at 3-4.  But plaintiff is wrong. Plaintiff relies on cases from the Seventh and Ninth Circuits, but neglects to mention that the "Fifth Circuit has not addressed whether *pro hac vice* fees are taxable costs, and federal courts that have addressed the issue are not in agreement."  *Lofton*, 2011 WL 206165, at *1.

Plaintiff next claims that "every district court in Texas to consider the question" has ruled against these costs, Opp. at 1, but cites only a single case, *Lofton*, *supra*.  *See* Opp. at 4.  Worse still, plaintiff omits a later case from this Court, *Ortiz v. Am. Airlines, Inc.*, which considered plaintiff's objection "to costs incurred for admissions *pro hac vice*," but was "satisfied that such costs are properly taxed as fees of the clerk."  No. 16-151, 2020 WL 9421205, at *1 (N.D. Tex. Sept. 10, 2020).  Other cases from Texas have similarly taxed *pro hac vice* fees.  *See HEI Res. E. OMG Joint Venture v. S. Lavon Evans, Jr. Operating Co.*, No. 07-62, 2010 WL 536997, at *4 (S.D. Tex. Feb. 10, 2010); *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, No. 00-1169, 2007 WL 9821302, at *4 (S.D. Tex. May 14, 2007); *Butler v. MBNA Tech., Inc.*, No. 02-1715, 2004 WL 389101, at *3 (N.D. Tex. Mar. 1, 2004).  Although plaintiff claims that "every district court in Texas to consider the question" has ruled against these costs, Opp. at 1, the reality is quite different.  Albertsons' costs are fees of the clerk, and plaintiff must pay them.

## II.      The Docket Establishes Albertsons' Costs

Plaintiff tepidly argues that Albertsons should have submitted receipts with its bill of costs.  Plaintiff cites to no rule requiring such a submission, none exists, and there is no need for

such a rule when the amount of court fees and receipt numbers appear on the case docket. *See supra* at 1. In any event, although it is unnecessary, Albertsons attaches the receipts associated with these *pro hac vice* applications as Exhibit A.

**III.    This Court Can Decide Albertsons' Costs Before the Appeal is Decided**

Finally, plaintiff seeks to postpone Albertsons' collection of costs because plaintiff has filed an appeal. *See* Opp. at 4-5. But a "pending appeal, by itself, is not an adequate ground for deferral," as "[r]eversing an award of costs following a reversal on appeal is not overly difficult." *Rodriguez v. City of Corpus Christi*, No. 21-297, 2023 WL 9058516, at *3 (S.D. Tex. Dec. 13, 2023), *R. &. R. adopted*, 2024 WL 23169 (S.D. Tex. Jan. 2, 2024). There is no reason to wait.

<u>**CONCLUSION**</u>

For the foregoing reasons, Albertsons respectfully requests that this Court direct the Clerk to tax the costs identified in Albertsons' bill.

Date: August 13, 2026

Respectfully submitted,

*/s/ Sarah E. Spires*
Sarah E. Spires (Texas Bar No. 24083860)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, Texas 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
sspires@skiermontderby.com

Matthew S. Warren (California Bar No. 230565)
(admitted *pro hac vice*)
WARREN LLP
2261 Market Street No. 606,
San Francisco, California 94114
Telephone: (415) 895-2940
Fax:  (415) 895-2964
25-1448@cases.warrenllp.com

*Attorneys for Defendant*
*Albertsons Companies, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 13, 2026, a true and correct copy of the foregoing was

served on all counsel of record via the Court's electronic filing system.

*/s/ Sarah E. Spires*