**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

WOLVERINE BARCODE IP LLC,

         Plaintiff,

v.

ALBERTSONS COMPANIES, INC.,

         Defendant.

Civil Action No. 3:25-CV-01448-B

## DEFENDANT ALBERTSONS COMPANIES, INC.'S MOTION FOR BOND

Under Federal Rule of Appellate Procedure 7, defendant Albertsons Companies, Inc.

respectfully requests that the Court order plaintiff and appellant Wolverine Barcode IP LLC to

file a bond or provide other security in an amount this Court deems fit, of at least $15,000.

## INTRODUCTION

This Court has discretion to require appellants to bond the potential costs of their appeals,

and should do so here.  Plaintiff filed a meritless complaint seeking infringement of an invalid

patent, as part of a campaign of litigation seeking nuisance-fee settlements.  After this Court

dismissed the case, plaintiff declined to go quietly and noticed an appeal.  That appeal is likely to

fail, leaving plaintiff liable for Albertsons' costs.  But plaintiff is a paper company with no assets

beyond the now-worthless patent-in-suit, calling payment into doubt.  On these facts, the Court

should require plaintiff to bond or secure Albertsons' costs on appeal of at least $15,000.

## ARGUMENT

**I.     This Court Should Impose a Bond on Appellant Wolverine Barcode**

Under Federal Rule of Appellate Procedure 7, a "district court may require an appellant

to file a bond or provide other security in any form and amount necessary to ensure payment of

– 1 –

costs on appeal." *In re Superior Offshore Int'l, Inc. Sec. Litig.*, No. 08-687, 2011 U.S. Dist. LEXIS 89283, at *3-4 (S.D. Tex. Aug. 11, 2011) (quoting Fed. R. App. P. 7). To decide motions under this Rule, "the court considers '(1) whether there is a risk of non-payment in the event that the appellants lose their appeal, (2) any previous bad faith or vexatious conduct on the part of the appellants, and (3) the likely merits of the appeal.'" *Ernest v. CitiMortgage, Inc.*, No. 13-802, 2014 WL 294544, at *8 (W.D. Tex. Jan. 22, 2014) (quoting *Noatex Corp. v. King Constr. of Houston, L.L.C.*, 732 F.3d 479, 489 (5th Cir. 2013)). All three factors favor a bond here.

A.    **Wolverine Barcode is at Risk of Not Paying Albertsons' Appeal Costs**

There is a substantial "risk of non-payment" of Albertsons' costs "in the event" that plaintiff loses its appeal. *Ernest*, 2014 WL 294544, at *8. Plaintiff has no purpose other than assertion of U.S. Patent No. 9,280,689, which this Court found ineligible, and no material assets beyond the patent itself, which is now likely worthless. *See* Compl. ¶ 13-19; Docket No. 34 § A; *see generally* Docket No. 40 (declining to oppose Albertsons' arguments on this point). Following an unsuccessful appeal, plaintiff would be tempted to go bankrupt, or defunct, or both, thus denying Albertsons its costs on appeal. This factor favors granting the motion.

B.    **Wolverine Barcode Has Acted in Bad Faith**

Plaintiff has engaged in "previous bad faith or vexatious conduct" throughout the litigation. *Ernest*, 2014 WL 294544, at *8; *see* Docket No. 34 §§ A-E. Among many other things, plaintiff "'made multiple settlement demands that were far less than the anticipated cost of defense,' *i.e.*, nuisance value settlement offers," *Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 916 (Fed. Cir. 2019), thus "act[ing] in bad faith by exploiting the high cost to defend complex litigation to extract a nuisance value settlement from" defendants in its other actions, and tried to do the same against Albertsons. *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d

1314, 1327 (Fed. Cir. 2011); *see* Docket No. 34 § II.C.  After this Court entered judgment against plaintiff, plaintiff continued its bad faith by seeking to vacate the judgment rather than contest its merit, in order to enable its continued prosecution of its nuisance-value settlement campaign.  *See* Docket No. 34 §§ B, F, II.C-D.  This factor further favors granting the motion.

### C.    Wolverine Barcode's Appeal Lacks Merit

"A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal." *Superior Offshore*, 2011 U.S. Dist. LEXIS 89283, at *4 (quoting *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998)).  Plaintiff's appeal here lacks merit.  Plaintiff's arguments were weak, most notably on *Alice* Step One, where the analysis "must focus on the language of the Asserted Claims themselves," *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1149 (Fed. Cir. 2016), but where plaintiff ignored the claims and argued only the specification.  *See* Docket No. 30 at 3-4; Docket No. 34 § II.B.  Plaintiff's appeal will be meritless for the same reasons as its opposition to Albertsons' motion to dismiss.  *See* Docket Nos. 24, 31.  And plaintiff's appeal will fail for another reason:  its complaint was objectively baseless, because it asserted infringement divided between Albertsons and a customer, and failed to defend its allegations when challenged.  See Docket No. 34 §§ D; II.A.  Even if the Court of Appeals reversed this Court on its § 101 ruling, it would still affirm dismissal based on this failure.  *See, e.g.*, *Yurok Tribe v. Dep't of the Interior*, 785 F.3d 1405, 1413 (Fed. Cir. 2015) ("a dismissal for failure to state a claim can be affirmed on any ground supported by the record.").

## II.    The Court Should Require a Bond of At Least $15,000

An appeal here will involve costs including photocopying, binding, filing, service, and compilation of the appellate record.  In *Superior Offshore*, the Court found that "Appellee's costs

on appeal are unlikely to exceed $10,000.00," and granted a bond in that amount. 2011 U.S. Dist. LEXIS 89283, at *4-5. Using the Bureau of Labor Statistics' inflation calculator, and even without inflation data during the lapse in appropriations, those costs are now $14,770.42, just shy of $15,000. *See* Declaration of Matthew S. Warren ¶¶ 2-3. The Court should therefore enter a bond of at least $15,000.

## CONCLUSION

For the foregoing reasons, Albertsons respectfully requests that the Court impose a bond for costs on an appeal in an amount as the Court determines, not less than $15,000.

Date: August 13, 2026

Respectfully submitted,

*/s/ Sarah E. Spires*
Sarah E. Spires (Texas Bar No. 24083860)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, Texas 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
sspires@skiermontderby.com

Matthew S. Warren (California Bar No. 230565)
(admitted *pro hac vice*)
WARREN LLP
2261 Market Street No. 606,
San Francisco, California 94114
Telephone: (415) 895-2940
Fax: (415) 895-2964
25-1448@cases.warrenllp.com

*Attorneys for Defendant*
*Albertsons Companies, Inc.*

**CERTIFICATE OF CONFERENCE**

This Motion is opposed.  Counsel for Albertsons conferred with counsel for Plaintiff via email on August 12, 2026, regarding the substance of this motion and counsel for Plaintiff indicated that they oppose this Motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's electronic filing system.

*/s/ Sarah E. Spires*