**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| WOLVERINE BARCODE IP LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC.,<br><br>Defendant. | Civil Action No. 3:25-CV-01448-B |

**PLAINTIFF WOLVERINE BARCODE IP LLC'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT ALBERTSONS COMPANIES, INC.'S MOTION FOR BOND**

**Use of Generative Artificial Intelligence**

Pursuant to Local Civil Rule 7.2(f), counsel discloses that this brief was prepared in part using generative artificial intelligence. All legal authority, quotations, and record citations were independently verified by a human attorney against print reporters or traditional legal databases.

Plaintiff Wolverine Barcode IP LLC ("Wolverine") files this response and brief in opposition to Defendant Albertsons Companies, Inc.'s ("Albertsons") Motion for Bond (Dkt. 43), and respectfully shows the Court that the motion should be denied in its entirety.

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

ARGUMENT ...........................................................................................................2

I. Rule 7 Secures Taxable Costs Under Rule 39, and Those Costs Are Nominal in This Appeal ..........................................................................................................2

A. "Costs on Appeal" Means Rule 39 Taxable Costs ..............................................2

B. Under the Federal Circuit's Published Rates, Albertsons' Taxable Exposure Is Trivial ..........................................................................................................3

C. Albertsons' $15,000 Figure Is Untethered to Any Cost in This Case ..........................4

II. The Noatex Factors Do Not Support Any Bond ......................................................5

A. Albertsons Offers No Evidence of a Risk of Non-Payment ......................................5

B. No Court Has Found Bad Faith, and the Record Would Not Support Such a Finding ..6

C. The Merits Factor Cannot Carry the Motion ........................................................7

III. The Requested Amount Confirms the Motion's Purpose ........................................8

CONCLUSION ..........................................................................................................8

## TABLE OF AUTHORITIES

### Cases

*Aatrix Software, Inc. v. Green Shades Software, Inc.,* 882 F.3d 1121 (Fed. Cir. 2018) .................. 7

*Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015) (en banc) .......... 8

*Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018) .................. 7

*Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910 (Fed. Cir. 2019) .................. 6

*Conner v. Travis County*, 209 F.3d 794 (5th Cir. 2000) .................. 2, 7

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) .................. 7

*Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314 (Fed. Cir. 2011) .................. 6

*Hirschensohn v. Lawyers Title Ins. Corp.*, No. 96-7312, 1997 WL 307777 (3d Cir. June 10, 1997) .................. 3

*In re Am. President Lines, Inc.*, 779 F.2d 714 (D.C. Cir. 1985) .................. 1, 3

*In re Superior Offshore Int'l, Inc. Sec. Litig.*, No. 08-687, 2011 U.S. Dist. LEXIS 89283 (S.D. Tex. Aug. 11, 2011) .................. 4

*mCom IP, LLC v. City Nat'l Bank of Fla.*, 175 F.4th 1370 (Fed. Cir. 2026) .................. 2, 6

*Noatex Corp. v. King Constr. of Houston, L.L.C.*, 732 F.3d 479 (5th Cir. 2013) .................. 5

*Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295 (5th Cir. 2007) (per curiam) .................. 1, 2, 7, 8

*Yurok Tribe v. Dep't of the Interior,* 785 F.3d 1405 (Fed. Cir. 2015) .................. 8

### Rules

Fed. R. App. P. 7 .................. passim

Fed. R. App. P. 30(b)(2) .................. 1, 3

Fed. R. App. P. 39 .................. 2, 3

Fed. Cir. R. 25(c)(3) .................. 4

Fed. Cir. R. 30 .................. 3

Fed. Cir. R. 39(c) .................. 3

## INTRODUCTION

Rule 7 authorizes a district court to require security for one thing: "costs on appeal." Fed. R. App. P. 7. Those costs are the taxable items of Rule 39—chiefly the reproduction of briefs—not attorney's fees, not sanctions, and not the movant's estimate of its grievance. *See In re Am. President Lines, Inc.*, 779 F.2d 714, 716-17 (D.C. Cir. 1985) ("The costs referred to [in Rule 7] are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39, and do not include attorneys' fees that may be assessed on appeal.").

Wolverine's appeal is pending in the Federal Circuit, which fixes taxable rates by published schedule: eight cents per page for reproducing a brief, and two dollars per paper copy for binding and covers. Paper copies of briefs are not filed at all unless the court asks for them. Albertsons, as appellee, pays no docketing fee, and under Rule 30(b)(2) the appendix is produced at Wolverine's expense, not Albertsons'. On any realistic accounting, Albertsons' taxable exposure in this appeal is measured in tens of dollars. Ramey Decl. ¶¶ 2–5.

Albertsons nonetheless asks for a $15,000 bond. It arrives at that figure without identifying a single cost it actually expects to incur. Instead, it borrows a $10,000 estimate made in 2011 by a different court, in a different circuit, in a securities class action, and runs the number through the Bureau of Labor Statistics inflation calculator. Mot. at 3–4; Warren Decl. ¶¶ 2–3. That is not evidence of an amount "necessary to ensure payment of costs on appeal," Fed. R. App. P. 7; it is a number chosen for its size.

The Fifth Circuit has confronted a Rule 7 bond inflated beyond taxable costs. In *Vaughn v. Am. Honda Motor Co.* the district court set a $150,000 bond after predicting the appeal would fail. The Fifth Circuit cut the bond to $1,000, holding that a district court may not use Rule 7 "as a vehicle to erect a barrier to [an] appeal" and that "the appellate court is generally better qualified

to determine whether an appeal lacks merit." 507 F.3d 295, 298–99 (5th Cir. 2007) (quoting *Conner v. Travis County*, 209 F.3d 794, 801 (5th Cir. 2000)). Every theme of Albertsons' motion—the appeal will fail, the plaintiff is disfavored, the number should be large—is a theme *Vaughn* rejected.

The record fares no better under the factors Albertsons invokes. Albertsons offers no evidence of Wolverine's finances, only counsel's prediction that Wolverine "would be tempted to go bankrupt." Mot. at 2. No court has found bad faith by Wolverine; Albertsons cites its own pending fee motion as though argument were adjudication, and the Federal Circuit's recent decision in *mCom IP, LLC v. City National Bank of Florida*, 175 F.4th 1370 (Fed. Cir. 2026), rejects the very inference—settlement history equals nuisance campaign—on which Albertsons relies. And the merits factor cannot carry a motion the first two factors do not support, particularly where the appeal presents the step-two factual questions the Federal Circuit has repeatedly held cannot be resolved against a patentee on the pleadings. The motion should be denied.

## ARGUMENT

### I. Rule 7 Secures Taxable Costs Under Rule 39, and Those Costs Are Nominal in This Appeal.

#### A. "Costs on Appeal" Means Rule 39 Taxable Costs.

Rule 7 permits security "in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The costs a Rule 7 bond may secure are those taxable under Rule 39: in the court of appeals, the production of necessary copies of briefs and the appendix, the docketing fee, and filing fees, Fed. R. App. P. 39; in the district court, record preparation and transmission, transcripts, bond premiums, and the notice-of-appeal fee, Fed. R. App. P. 39(e). *See In re Am. President Lines*, 779 F.2d at 716; *Hirschensohn v. Lawyers Title Ins. Corp.*, No. 96-7312, 1997

WL 307777, at *3 (3d Cir. June 10, 1997) ("Rule 7 does not authorize a bond to cover estimated costs of attorneys' fees."). The Rule 39(e) items are either inapplicable here or borne by Wolverine, not Albertsons.

Albertsons' motion identifies its anticipated costs as "photocopying, binding, filing, service, and compilation of the appellate record." Mot. at 3. Every item on that list is either fixed by the Federal Circuit's published cost schedule or is not Albertsons' to incur.

**B. Under the Federal Circuit's Published Rates, Albertsons' Taxable Exposure Is Trivial.**

The appeal is pending in the United States Court of Appeals for the Federal Circuit, No. 2026-2113. That court's Clerk has published maximum rates for taxation of costs under Federal Circuit Rule 39(c): $0.08 per page for a principal or reply brief, $0.08 per page for an appendix, $2.00 per required paper copy for binding and covers, and a $500.00 docketing fee taxable only "if paid in this court by appellant or petitioner." Ramey Decl. ¶ 2 & Ex. A. Three consequences follow.

First, the docketing fee is off the table. Wolverine, as appellant, paid it. Ramey Decl. ¶ 5. Nothing in the schedule permits an appellee to tax a fee it never paid.

Second, so is the appendix. In the Federal Circuit the appellant prepares and files the appendix, and "[u]nless the parties agree otherwise, the appellant must pay the cost of the appendix." Fed. R. App. P. 30(b)(2); *see* Fed. Cir. R. 30. The "compilation of the appellate record" Albertsons invokes, Mot. at 3, is Wolverine's expense.

Third, what remains—reproduction of Albertsons' own response brief—may never be incurred at all. The Federal Circuit instructs that, "[e]xcept following the grant of en banc consideration, filers should not submit paper copies of electronically filed briefs and appendices"

and should instead "wait until the court requests these paper copies." Fed. Cir. R. 25(c)(3); Ramey Decl. ¶ 3 & Ex. B. If the court never asks, there is nothing to reproduce and nothing to tax. If it does, the arithmetic is short: a maximum-length response brief of roughly sixty-five double-spaced pages, reproduced in six paper copies, comes to $31.20 in copying and $12.00 in binding—$43.20 in total. Ramey Decl. ¶ 4. Doubling every assumption does not bring the figure to $100.

That is the universe of "costs on appeal" a Rule 7 bond may secure in this case. Albertsons asks the Court to require security in an amount more than three hundred times its realistic exposure.

### C. Albertsons' $15,000 Figure Is Untethered to Any Cost in This Case.

Albertsons derives $15,000 from *In re Superior Offshore International, Inc. Securities Litigation*, No. 08-687, 2011 U.S. Dist. LEXIS 89283 (S.D. Tex. Aug. 11, 2011)—an unreported decision estimating that the appellee's costs in a securities-class-action appeal to the Fifth Circuit were "unlikely to exceed $10,000"—adjusted for inflation through two screenshots of the Bureau of Labor Statistics calculator. Mot. at 3–4; Warren Decl. ¶¶ 2–3. The Warren Declaration establishes that the inflation calculator functions. It does not identify one page Albertsons expects to print, one copy it expects to bind, or one dollar it expects to spend. Another court's fifteen-year-old estimate, made on a different record under a different circuit's cost schedule, is not evidence of any cost in this appeal, much less of an amount "necessary to ensure payment." Fed. R. App. P. 7. A movant seeking security must show what it is securing. Albertsons has not tried.

## II. The Noatex Factors Do Not Support Any Bond.

Courts in this circuit consider "(1) whether there is a risk of non-payment in the event that the appellants lose their appeal, (2) any previous bad faith or vexatious conduct on the part of the appellants, and (3) the likely merits of the appeal." *Noatex Corp. v. King Constr. of Houston,*

*L.L.C.*, 732 F.3d 479, 489 (5th Cir. 2013). Each factor turns on record evidence. Albertsons supplies none.

**A. Albertsons Offers No Evidence of a Risk of Non-Payment.**

The whole of Albertsons' showing on this factor is counsel's prediction that, after an unsuccessful appeal, Wolverine "would be tempted to go bankrupt, or defunct, or both." Mot. at 2. That is speculation about temptation, not evidence about assets. Albertsons submitted no financial records, took no discovery on Wolverine's ability to pay, and identifies no instance—in this case or any other—in which Wolverine failed to pay a cost award, a sanction, or any court-ordered obligation. Wolverine has paid every required fee and complied with every order in this litigation, including the docketing fee for the very appeal Albertsons now seeks to tax. Ramey Decl. ¶¶ 5–6.

Albertsons also reads Wolverine's prior briefing as a concession about its assets. Mot. at 2 (citing Docket No. 40). Declining to brief a point immaterial to the motion then pending is not an admission, and silence in briefing is not evidence of insolvency.

Nor does the character of a plaintiff's business substitute for proof. That Wolverine is a patent-holding company says nothing about whether it will pay a cost bill measured in tens of dollars. The size of the exposure matters to the weight of this factor: whatever force a non-payment risk might carry when real money is at stake, it cannot justify a $15,000 bond to secure amounts the Federal Circuit's own schedule caps at nominal levels. The amount "necessary to ensure payment," Fed. R. App. P. 7, of roughly $43 is not $15,000.

**B. No Court Has Found Bad Faith, and the Record Would Not Support Such a Finding.**

Albertsons' bad-faith showing consists of citations to its own briefs. *See* Mot. at 2–3 (citing "Docket No. 34 §§ A-E"—Albertsons' pending motion for attorneys' fees). A party's accusations do not become findings by repetition. This Court has made no finding that Wolverine litigated in bad faith, and the § 285 motion remains pending and this Court has already indicated it will not rule on it until the appeal is over. ECF 46.

The inference Albertsons asks the Court to draw—that settlement demands below the cost of defense reveal a "nuisance value settlement campaign"—is one the Federal Circuit rejected this year on a record materially like this one. In *mCom*, the district court awarded fees against a patent plaintiff, crediting the defendant's argument that the plaintiff's prior suits, which settled or were dismissed before summary judgment, revealed a nuisance-value strategy. 175 F.4th at 1380–81. The Federal Circuit reversed: the defendant had "identified no record support for the asserted premise," because a history of suits that settled or resolved early is not evidence that any settlement was untethered to the merits. *Id*. Albertsons' authorities are not to the contrary. *Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910 (Fed. Cir. 2019), and *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314 (Fed. Cir. 2011), each affirmed findings a district court actually made on a developed evidentiary record—in *Eon-Net*, after claim-construction proceedings and a Rule 11 hearing. Neither holds that a defendant's own characterization of settlement posture, offered in its own motion papers, establishes vexatiousness.

What Albertsons calls "continued bad faith" is ordinary post-judgment practice: Wolverine moved for relief from the judgment under the Federal Rules and filed a timely notice of appeal. Invoking procedures the rules provide is not vexatious conduct, and treating the appeal itself as

evidence of bad faith would prove too much—every Rule 7 movant faces an appellant. The Supreme Court has cautioned against cost-shifting practices under which "valid challenges to district court decisions would be discouraged." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 408 (1990).

**C. The Merits Factor Cannot Carry the Motion.**

A district court weighing this factor is assessing its own ruling, and the Fifth Circuit has been direct about the limits of that exercise: "the appellate court is generally better qualified to determine whether an appeal lacks merit," and Rule 7 may not be used "as a vehicle to erect a barrier" to appellate review. *Vaughn*, 507 F.3d at 298–99. In *Vaughn*, the district court predicted the appeal would be summarily rejected and set the bond accordingly; the Fifth Circuit reduced the bond from $150,000 to $1,000. Rule 7 does not convert a district court's confidence in its own judgment into a toll on review of that judgment.

Nor is this an appeal whose merit can be dismissed out of hand. Wolverine's appeal presents, among other issues, whether *Alice* step two could be resolved against Wolverine on the pleadings notwithstanding the specification's specific assertions about the state of the art at the time of the invention—the posture in which the Federal Circuit vacated in *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368–70 (Fed. Cir. 2018), and reversed in *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). Wolverine does not ask this Court to reconsider its ruling. The point is narrower: an appeal presenting *Berkheimer* questions on a Rule 12(b)(6) record is not the "meritless" appeal Albertsons describes, and the tribunal that will decide it is the one "better qualified" to say so.

Albertsons' fallback—that the Federal Circuit would affirm anyway on divided infringement, Mot. at 3—asks this Court to weigh a defense it never adjudicated. The dismissal

rested on § 101; the Court did not reach infringement. *Yurok Tribe v. Department of the Interior*, 785 F.3d 1405, 1413 (Fed. Cir. 2015), holds that an appellate court may affirm on an alternative ground the record supports; it does not hold that an unadjudicated defense renders an appeal futile. Whether the pleaded facts establish direction or control over, or conditioning of a benefit on, performance of the claimed steps is governed by *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022–23 (Fed. Cir. 2015) (en banc), and is a question the Federal Circuit would confront in the first instance—hardly a basis for treating the appeal as a foregone conclusion.

## III. The Requested Amount Confirms the Motion's Purpose.

A $15,000 bond to secure costs of roughly $43 is not security; it is a surcharge on the exercise of a statutory right of appeal. The disproportion the Fifth Circuit corrected in *Vaughn* was 150 to 1. The disproportion here is greater. When a requested bond bears no relationship to recoverable costs, its function is not to "ensure payment," Fed. R. App. P. 7, but to raise the price of appellate review for the appellant—precisely the use of Rule 7 that *Vaughn* forbids. The Court should decline the invitation.

## CONCLUSION

For these reasons, Wolverine respectfully requests that the Court deny Albertsons' Motion for Bond (Dkt. 43) in its entirety.

Dated: September 2, 2026

Respectfully submitted,

/s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
RAMEY LLP
446 Heights Blvd., Suite 200

Houston, Texas 77006
Telephone: (713) 426-3923
wramey@rameyfirm.com

Kirby Drake
Texas State Bar No. 24036502
**Kirby Drake Law PLLC**
2550 Pacific Avenue, Suite 700
Dallas, TX 75226
972.635.0533 (telephone)
kirby@kirbydrakelaw.com

***Attorneys for Plaintiff***
***Wolverine Barcode IP LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ William P. Ramey, III
William P. Ramey, III