**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| WOLVERINE BARCODE IP LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC.,<br><br>Defendant. | Civil Action No. 3:25-CV-01448-B |

**REPLY IN SUPPORT OF MOTION FOR BOND**
**OF DEFENDANT ALBERTSONS COMPANIES, INC.**

Prevailing defendant Albertsons seeks a bond to cover its costs on appeal. In its opposition, plaintiff fails to address Albertsons' arguments, fails to consider the costs Albertsons is likely to incur, and confirms that it may not pay Albertsons' costs on appeal. The Court should therefore require plaintiff to post Albertsons' requested bond of at least $15,000.

## BACKGROUND

On June 6, 2025, plaintiff Wolverine Barcode IP LLC filed this action. Docket No. 1. On December 5, 2025, Albertsons moved to dismiss. Docket No. 24. On July 9, 2026, this Court granted Albertsons' motion to dismiss and closed this action. Docket Nos. 31, 32. On July 27, Wolverine Barcode noticed its appeal. Docket No. 37. On August 13, Albertsons moved for this Court to require plaintiff to obtain a bond to cover its costs on appeal. Docket No. 43. On September 2, plaintiff filed its opposition. Docket No. 49.

# ARGUMENT

## I. This Court Should Impose a Bond

### A. Wolverine Barcode Remains at Risk of Not Paying Albertsons' Costs

Albertsons' motion established a substantial "risk of non-payment" of Albertsons' costs "in the event" that Wolverine Barcode loses its appeal. Mot. at 2 (quoting *Ernest v. CitiMortgage, Inc.*, No. 13-802, 2014 WL 294544, at *8 (W.D. Tex. Jan. 22, 2014)). Albertsons argued that Wolverine Barcode "has no purpose other than assertion of U.S. Patent No. 9,280,689, which this Court found ineligible, and no material assets beyond the patent itself, which is now likely worthless." Mot. at 2 (citing Compl. ¶¶ 13-19; Docket No. 34 § A; Docket No. 40). Tellingly, Wolverine Barcode does not respond to or address any of these points, a failure which "constitutes waiver or abandonment of that issue." *Arkansas v. Wilmington Trust Nat'l Ass'n*, No. 18-1481, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)).[1] Wolverine Barcode argues that it has previously paid court fees, *see* Opp. at 5, but it misunderstands Albertsons' argument: Wolverine Barcode has an incentive to pay court fees while its sole asset the '689 patent has some value, but this incentive disappears once the Court of Appeals affirms this Court's dismissal and the '689 patent is confirmed as worthless. Under those circumstances, Albertsons' motion established that Wolverine Barcode has no incentive to pay anything. Wolverine Barcode has no rebuttal.

[1] Wolverine Barcode argues without citation that its prior failure to address these points was not a waiver because the issues were "immaterial to the motion then pending." Opp. at 5. Assuming that this argument is correct, it cannot help Wolverine Barcode here, where its assets and solvency are not just material but central to Albertsons' motion. *See* Mot. at 2.

### B. Wolverine Barcode Has Acted in Bad Faith

Albertsons' motion established that Wolverine Barcode has acted in bad faith throughout the litigation. Mot. at 2-3. Wolverine Barcode ignores most of Albertsons' arguments, thus conceding them. *See Arkansas*, 2020 WL 1249570, at *5. Where Wolverine Barcode does respond, it relies on a single case that did not apply the Rule 7 standard, but instead considered whether an action was "exceptional under 35 U.S.C. § 285" or "litigated in bad faith under 28 U.S.C. § 1927." Opp. at 6 (citing *mCom IP, LLC v. City Nat'l Bank of Fla.*, 175 F.4th 1370, 1376 (Fed. Cir. 2026)). In contrast, the Rule 7 standard considers "any previous bad faith or vexatious conduct on the part of the appellant"; under this standard, a bond is appropriate. *Ernest*, 2014 WL 294544, at *8; *see* Mot. at 2-3.

### C. Wolverine Barcode's Appeal Lacks Merit

Albertsons' motion established that Wolverine Barcode's appeal lacks merit. Mot. at 3. In response, Wolverine Barcode's arguments confirm the lack of merit of its appeal. Wolverine Barcode claims that its appeal will depend on "whether *Alice* step two could be resolved against Wolverine on the pleadings notwithstanding the specification's specific assertions about the state of the art at the time of the invention—the posture in which the Federal Circuit vacated in *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368-70 (Fed. Cir. 2018), and reversed in *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018)." Opp. at 7. But *Berkheimer* and *Aatrix* require affirmance of this Court's dismissal. As it must, *Berkheimer* focused on the claims, distinguishing between claims that "amount to no more than performing the abstract idea of parsing and comparing data with conventional computer components," which failed under *Alice*, and claims that "recite a specific method of archiving that, according to the specification, provides benefits that improve computer functionality." 881 F.3d at 1370. Just as

Albertsons argued and the Court ruled, what matters is what's in the claims. *See* Docket No. 24 at 5; *Wolverine Barcode IP LLC v. Albertsons Cos.*, No. 25-1448, 2026 WL 1987620, at *3-4 (N.D. Tex. July 9, 2026). And *Aatrix* has no bearing; it found only "that Aatrix is entitled to file its proposed second amended complaint, and that ruling makes it unnecessary to decide whether the district court erred by ruling on the § 101 motion prior to claim construction." 882 F.3d at 1128. Wolverine Barcode's argument for the merits of its appeal serves only to confirm that its appeal has no merit.

## II. The Court Should Require a Bond of At Least $15,000

A Rule 7 bond "relates to the potential expenses of litigating an appeal." *Sharbat v. Iovance Biotherapeutics, Inc.*, No. 20-1391, 2024 WL 2078390, at *9 (S.D.N.Y. May 9, 2024) (quoting *Adsani v. Miller*, 139 F.3d 67, 70 n.2 (2d Cir. 1998)). Albertsons' motion sought a bond of at least $15,000. Mot. at 3-4. In opposition, Wolverine Barcode argues that Albertsons' only costs will be "reproduction of Albertsons's own response brief," which it estimates at less than $50. Opp. at 3-4. But Wolverine Barcode has already increased Albertsons' likely—not merely potential—costs on appeal. Plaintiff argues that the "compilation of the appellate record" is "Wolverine's expense," but Wolverine Barcode has already missed two deadlines regarding compilation of the record—the deadline to "agree on the designation" of appendix material, which fell on August 21 (Fed. Cir. R. 30(b)(1)(A)), and the deadline to "serve its designation on the appellee along with a statement of the issues," which fell on September 4. Fed. Cir. R. 30(b)(1)(B). Wolverine Barcode neither suggested an agreed appendix nor designated its own appendix, so Albertsons must either prepare the complete appendix in this matter or prepare its own supplemental appendix. Wolverine Barcode claims in this Court that Albertsons will not bear this cost, but its behavior in the Court of Appeals confirms the opposite.

Finally, Wolverine Barcode argues that a $15,000 bond would be a "'barrier' to appellate review." Opp. at 7 (quoting *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 298-99 (5th Cir. 2007)). But an "appellant asserting that the amount of a Rule 7 bond presents a financial barrier" to its appeal "must make a sufficient showing in support of that assertion and not merely conclusory statements." *Sharbat*, 2024 WL 2078390, at *9. Wolverine Barcode has not done so (or attempted to do so). Nor could it, as "rates for uncollateralized supersedeas bonds on monetary judgments range between 1.25% to 2.5%," and "premium rates for fully collateralized bonds are generally about one-half of the rates for uncollateralized bonds." *See, e.g.*, *Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, No. 06-812, 2012 WL 1835759, at *5 (N.D. Tex. Apr. 30, 2012), *R. &. R. adopted*, 2012 WL 1835753 (N.D. Tex. May 21, 2012). So even without collateral, Albertsons' requested bond would not be a barrier to appellate review or anything else.

**CONCLUSION**

For the foregoing reasons, Albertsons respectfully requests that the Court impose a bond for costs on an appeal in an amount as the Court determines, not less than $15,000.

Date: September 16, 2026

Respectfully submitted,

*<u>/s/ Ryan Hargrave</u>*

Ben A. Barnes
Texas Bar No. 24092085
Ryan Hargrave
Texas Bar No. 24071516
DOWN BENNETT LLP
2100 Ross Avenue, Suite 980
Dallas, Texas 75201
Phone: (214) 667-2205
Fax: (314) 863-2111

Matthew S. Warren (California Bar No. 230565)
(admitted *pro hac vice*)
WARREN LLP
2261 Market Street No. 606,

San Francisco, California 94114
Telephone: (415) 895-2940
Fax: (415) 895-2964
25-1448@cases.warrenllp.com

*Attorneys for Defendant*
*Albertsons Companies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's electronic filing system.

*/s/ Ryan Hargrave*
Ryan Hargrave